The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Rapaport v. Does 1-3*, 23-CV-06709

       **Motion for Expedited Discovery to Perpetuate Testimony**

Your Honor:

I am writing to request authorization for a third-party subpoena ad testificandum and duces tecum to be served upon Mr. Richard Allen Epstein in order to perpetuate testimony and preserve evidence that is critical to ensure justice in this case.

I have separated this request from my other request filed today for expedited discovery prior to the conference of the parties as is usually required by Rule 26(d) of the Federal Rules of Civil Procedure because of differences in scope and justification. That other request is for expedited discovery that is limited in scope to information needed to identify the Doe defendants so that they can be served which would allow for the case to continue normally, and for the rest of discovery to be conducted after the conference of the parties usually required by Rule 26(d). This request is also made as a motion to expedite discovery in this case, but is similar in its aim to the procedure of Rule 27, which contemplates depositions to perpetuate testimony that is at serious risk of becoming unavailable, even before a case is brought, regarding any matter cognizable to the Courts of the United States.

Mr. Epstein has exceeded the age of 80, and surpassed the life expectancy of men born in 1943 by approximately eight years according to the Social Security Administration[1]. If the Doe defendants continue hiding behind the veil of anonymity to avoid service, and thus succeed to delay proceedings, this testimony may become unavailable due to death or infirmity and cause a failure of justice.

The perpetuation of testimony is an inherently broad undertaking in scope in comparison to discovery meant to facilitate service and is necessary in order to prevent a failure of justice when that testimony is critical to the case, as the testimony herein contemplated is, and may be in the interest of all parties including those absent. Mr. Epstein, currently employed as a professor at the New York University School of Law, is the only known or possible witness to a significant amount of the transactions and occurrences which will be presented to the jury and deliberated upon by them after trial. His testimony is vital in assessing, valuing and allocating the severe damages suffered by the Plaintiff in this case as described in the initial complaint, particularly in paragraph 48, and relating them to the defamatory harms caused by Defendants.

These include direct economic loss such as the denial of a funded fellowship controlled by Mr. Epstein, educational loss such as the removal of the Plaintiff from the position of Senior Article Editor at the New York University Journal of Law and Liberty as orchestrated by Mr. Epstein, dignitary harm resulting from insults made among distinguished company to the Plaintiff by Mr. Epstein, reputational harm resulting from the repetition by Mr. Epstein of the defamation described in the complaint to distinguished members of the legal profession including judges, regardless of whether Mr. Epstein benefits from a qualified privilege in doing so to undermine and attempt to place a deliberate ceiling on the legal career of the Plaintiff, and the harm to the valued relationship previously enjoyed by the

---

[1] Social Security Administration, 2022 OASDI Trustees Report, Cohort Life Expectancy
https://www.ssa.gov/oact/TR/2022/lr5a5.html

Plaintiff with Mr. Epstein that was destroyed by the culpable conduct of Defendants which resulted in emotional pain and suffering.

      Mr. Richard Allen Epstein is the only person who can fully testify as to his own conduct, actions and motives, and is best situated to locate and produce documents such as his correspondences and written assessments of the Plaintiff both prior to and subsequent to the defamatory conduct of Defendants that are vital evidence for the jury to be able to effectively determine the facts of this case and the harm caused by defamation. Although most critical in providing evidence for the damages portion of the deliberation of the jury, which is usually the last element both to be argued at trial and deliberated upon by the jury, the testimony of Mr. Epstein as to the causation and chain of events wrought by the Defendants may be of great value to the jury in their search for the truth of this matter as well.

      Thank you for considering my request in this matter,

      Respectfully submitted,

      /s/ Gideon Rapaport