The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Rapaport v. Does 1-3*, 23-CV-06709

**Motion for Leave to Serve Third-Party Subpoenas Prior to a Rule 26(f) Conference**

Your Honor:

I am writing to request an order to expedite discovery in this case for the limited purposes of obtaining information that will enable me to effectuate service upon Defendants. Specifically I am requesting authorization for a third-party subpoena ad testificandum and duces tecum to be served upon each of the persons or entities identified below.

- Mr. Steven Goldblatt, Director of Human Resources of Kirkland & Ellis LLP in New York
- Hon. Lee Liberman Otis, Senior Vice President and Faculty Director of The Federalist Society for Law and Public Policy Studies
- Kirkland & Ellis LLP
- The Federalist Society for Law and Public Policy Studies

## I. INTRODUCTION

Upon diligent investigation and substantial effort I have not been able to identify and serve the Doe defendants in this case who continue to succeed in hiding behind the veil of anonymity. Such limited discovery as is herein requested will enable me to identify and serve the Doe defendants, especially when combined with the information I have already obtained as a result of my investigation. I am seeking specific information and materials which either alone or in combination with the results of my investigation so far could identify and enable service upon Defendants.

## II. FACTS

I have been the victim of a vicious and pre-meditated campaign of defamation and invasion of privacy undertaken by the Doe defendants, who struck from behind the veil of anonymity, which has exposed me to professional, economic, educational and reputational harm in addition to pain and suffering. Defendants sought to achieve these malicious aims through the publication of anonymous internet posts, utilizing forged and staged materials presented as evidence, to falsely libel me as a person who committed serious crimes and misdeeds and expose me to scorn, ridicule and contempt before the world at large.

In addition to and in furtherance of the aforementioned online postings, Defendants also engaged in 'offline' actions to perpetrate their defamatory attack upon me such as the forging and staging of the document and surroundings at the physical premises of Kirkland & Ellis LLP as described in paragraph 9 of the Complaint and the oral defamation campaign as described in paragraphs 29 and 30, as well as actions which may or may not have been 'online' actions, other than the initial publication of the anonymous posts, such as the packaging and forwarding of those initial anonymous publications to maximize the harm as described in paragraph 21 of the Complaint.

Because of the sophisticated and pre-meditated means utilized by the Defendants, the only possible means of their identification is to obtain information as to the offline activities and some of their online activities subsequent to the initial defamatory anonymous internet postings. The persons and entities for which I am seeking third-party subpoenas listed earlier have investigated and as a result possess substantial actual knowledge as to the events described in the Complaint which may identify the Defendants by name and address.

These attacks against me occurred in the context of employment at the law firm Kirkland & Ellis LLP, and were perpetrated at least in part on the physical premises subject to exclusive access controls and surveillance of that law firm. I am informed and believe that a thorough investigation undertaken by the firm for a variety of purposes into the tortious conduct of its Doe employees who are defendants in this case has uncovered significant evidence only accessible to and possessed by the firm, which alone or in combination with evidence I have uncovered in during the course of my investigation will identify at least one of the Defendants and enable me to effectuate service and proceed with this case in furtherance of justice.

Subsequent to the initial defamatory anonymous internet posts, in order to ensure maximum damage, the Doe defendants packaged and forwarded those defamatory materials in order to cause a specific injury to me by preventing my participation in the James Kent Summer Academy organized by the Federalist Society. This was unsuccessful as the fabrication and falsehood of the defamation was uncovered in time by the firm and The Federalist Society. I am informed and believe that the manner of receipt of these materials and subsequent investigation undertaken by the Federalist Society, which is information exclusively possessed by the same, will identify at least one of the Defendants and enable me to effectuate service and proceed with this case in furtherance of justice.

III. **ARGUMENT**

A) <u>Legal Standard Governing Expedited Discovery Requests To Identify Doe Defendant</u>

It has been the practice of this Court to grant such an order as is hereby requested pursuant to Rule 26(d)(1) according to five factors, which are clearly satisfied in this case. As Your Honor has articulated in an order for the case *Strike 3 Holdings, LLC v. Doe*, 23-CV-3190 on August 9th, 2023:

> "Although parties are normally required to meet and confer prior to beginning any discovery, a court may waive this requirement by order. Fed. R. Civ. P. 26(d). Courts in this district apply a "flexible standard of reasonableness and good cause" in determining whether to permit a party to seek expedited discovery. *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005). The principal factors courts consider when determining whether expedited discovery is appropriate include: (1) the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtaining the subpoenaed information, (4) the need for the subpoenaed information to advance the claim and (5) the defendant's expectation of privacy. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)."

B) <u>All Five Elements of the Standard Are Satisfied</u>

Although the guidance is a "flexible standard", and may not require all five factors to be strongly present for such an order to be granted, they are all compellingly present in this case as demonstrated below, and I present this case as a paradigmatic one for which such an order would be vital in the interest of justice. It may be impossible for justice to be done and a grievous personal injury remedied if the Doe defendants in this case continue to evade accountability and legal process before this Court.

1. <u>Prima Facie Harm That is Legally Actionable is Demonstrated in the Complaint</u>

The Complaint has demonstrated a prima facie harm in alleging a malicious slander and libel campaign resulting in defamation, defamation per se and invasion of privacy claims which are actionable under the laws of the states of New York and New Jersey which provide for remedies of general, specific and punitive damages.

2. <u>The Discovery Request is Specific and Limited to Identifying Information</u>

The discovery requested, in the form of tangible evidence and oral testimony is highly specific and limited to materials and inquiries narrowly tailored to identify the Defendants by name and address so as to enable service of process upon them. Kirkland & Ellis LLP and The Federalist Society have already conducted investigations into the matters alleged in the Complaint and each have encountered and documented facts and evidence that relates to the identity of the Defendants, who are or were employees of the former, and upon information and belief directly communicated with the latter. Kirkland & Ellis LLP has exclusive access controls and surveillance of the premises where at least part of the tortious conduct of its employees occurred while The Federalist Society had received a repackaging or republication of the defamatory materials from the tortfeasors sent by them so as to cause special damages to the Plaintiff.

3. <u>There Are No Alternative Means to Uncover Defendant Identity</u>

Due to the sophisticated techniques utilized by the Defendants in initially spreading their defamations on the internet utilizing one forum that allows posting without the retention of any user information and another site that allows for that user name and information to be rapidly deleted with the post itself remaining, the only available means to uncover their identity are through the physical component of the tort which involved forging and staging a document at the physical premises of Kirkland & Ellis LLP, the interpersonal component of the oral slander campaign which partially took place in the context of that same workplace, and the later repackaging and forwarding of the initial defamatory materials to The Federalist Society in order to cause special harm in the loss of a fellowship.

4. <u>The Case Cannot Proceed Without This Discovery Needed for Service</u>

Without the information that will aid in identifying the Defendants for which subpoenas are requested, it will be impossible to effectuate service upon them and thus progress towards justice in this case.

5. <u>The Defendants Do Not Have An Expectation of Privacy in Materials Sought</u>

The Defendants do not have an expectation of privacy relating to their tortious conduct either from their employer when they perpetrate torts at the workplace or from a nonprofit organization to which they themselves sent defamatory materials that libel and invade the privacy of an innocent, private person. The results of the investigations aforementioned either delve into conduct undertaken at the workplace in plain view of other employees and potentially supervisors and malicious workplace gossip that is commonly regulated by human resource departments or the unsolicited forwarding of defamatory materials using the internet or other means.

IV. **CONCLUSION**

For the foregoing reasons, I respectfully request this Court grant leave for the issuance of Rule 45 subpoenas to the Third-Parties listed at the beginning of this request.

Respectfully submitted,

/s/ Gideon Rapaport