**Law Office of Richard A. Altman**             Tel. and Fax 212.633.0123
**150 East 56th Street, Suite 12B**            altmanlaw@earthlink.net
**New York, New York 10022**            artesq@earthlink.net
           www.altmanlaw.nyc

September 5, 2024

BY ECF
Hon. Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Gideon Rapaport v. Iyer et al.*, Case No. 23-cv-06709-JGLC

Your Honor:

I write in response to Mr. Chase's letter of yesterday.

First, Mr. Chase claims that '"[p]laintiff's deadline to file an opposition to all Defendants' motions has passed," and that his letter is joined by counsel for defendants Iyer and Garrett. This is impossible, because counsel for Iyer and Garrett have signed and jointly filed with me a scheduling order (ECF 48) which the Court has endorsed (ECF 49), setting the deadline for opposition to their motion as September 16.

Moreover, his interpretation of the deadlines is not what the Court's rule provides. It says that, within ten days of service of a motion to dismiss, the plaintiff must advise the Court of his intention either to respond to the motion or to file an amended complaint, and if the latter, when it will do so. If the latter, then the defendant has 21 days to respond to it. There is no deadline to oppose defendants' motions here; the intention to amend extends the time automatically.

Second, my letter advising the Court of plaintiff's intention to file an amended complaint was timely filed on August 22, ten days after Mr. Chase filed his motion to dismiss, and six days after the other defendants filed theirs. And I had also emailed him the previous day of my intention. Yet he waited until yesterday to object. I would submit that, given that delay, he has waived any right to object. His patronizing offer to extend my time for one week is unnecessary.

Third, the amended complaint was served by mail on May 28, and I readily agreed to extend all of the defendants' time to respond to it, well beyond the 60 days of Rule 12(a)(1)(A)(ii). Apparently Mr. Chase is unwilling to afford a similar courtesy.

Fourth, the only operative complaint here is the one which actually named the defendants, and the only one which was actually served on them. The original *pro se* complaint filed by Mr. Rapaport did not name the defendants, because he did not know their identities, and so it could not

-2-                    Hon. Jessica G. L. Clarke

be served. He only filed it so as to be within the statute of limitations, and to enable him to obtain discovery and learn their true names. So in practical reality, and in relation to the defendants, the amended complaint which I intend to file is actually the first one amended.

      Fifth, I am aware that the Court's present rule regarding amendment of complaints (4e) adds the following line, "[t]his provision does not alter the requirement to seek leave of the Court to file amended pleadings not as of right pursuant to Federal Rule of Civil Procedure 15." However, this line was added in July 2024, after both plaintiff's original *pro se* complaint and the one that I filed after being retained. It would seem unfair under these facts to change the application of the rule to a pending case. In any event, Rule 15(a)(2) says that "[t]he court should freely give leave when justice so requires," and I respectfully submit that this is the only issue here.

      So in sum, the amended complaint which I intend to file is really the first amended one against these defendants, and it should be deemed to be as of right, or at the least, filed with the Court's permission, Mr. Chase's captious objections notwithstanding.

      Finally, I need to request one additional week to file the amended complaint. My client has been unwell, suffering from a throat infection which left him unable to speak for a week. He has a large amount of new factual material to be included in the amended complaint, but I spoke with him yesterday for the first time in more than a week. I would therefore ask that the court extend my time to file it until September 16.

      I appreciate the Court's attention.

Respectfully,

Richard A. Altman