The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Your Honor:

    I am writing to inform that I am without counsel, as my former counsel has abandoned me, and that I must seek leave to amend on my own on an accelerated basis. My former counsel promised to call me this past Friday in order to coordinate a strategy and that they would work throughout the weekend on this matter, yet I have received no call or answer to my communications, nor any strategy or work product at all during this time.

    I must continue *pro se* for now, because of the imminent taking effect of the statute of limitations upon new causes of action and an additional, potentially required party per Rule 19 I have discovered. Furthermore, this additional, potentially required party's absence will cause prejudice not only to myself, but also to the defendants. I am able to act in time, but I require Your Honor's leave to amend my pleading, and so I respectfully request leave to amend my pleading by September 17th, 2024, because that is the final possible date to avoid immense prejudice. Every factor weighing on the scales of justice requires it, as I respectfully set out in this letter to the best of my abilities, and bring to your attention this risk of imminent prejudice that my former counsel refused to notify Your Honor of on September 5th on my behalf.

    The imminent time-barring of my new and presently timely claims, the loss of an opportunity to join a potentially required party which could frustrate all of my existing claims, and the loss of the opportunity to relate-back my existing claims against that additional party pursuant to Rule 15(c)(1)(A) which here invokes NY CPLR 1024 and 203 as the "applicable law", or in the alternative Rule 15(c)(1)(C), would be the ultimate manifestation of prejudice and injustice, but this has not yet occurred and may still be avoided.

    September 17th, 2024 is the final possible date on which I may timely bring my new causes of action and join the additional party. It would be impossible for me to retain and inform new counsel in such a short time frame, which ends 8 days from now, and for them to prepare and file an amended complaint reflecting these new claims and the additional party. This is exacerbated by my absence from the United States and the fact that I have been under significant financial strain as a result of the circumstances giving rise to this action, including the loss of my most recent employment in the legal field providing a work visa as a result of retaliation.

    I am aware, that although as a procedural matter, I could file an additional, related case before my new claims become time-barred after September 17th, with my new causes of action against both old and new parties, I would still be significantly and irrevocably prejudiced through the loss of the opportunity to relate-back my existing claims in this case against that additional party. Besides from this prejudice, this course would be less efficient for the Court as it would create unnecessary procedural complexities due to the inter-relatedness and inter-dependence of the claims. Rule 18(a) provides that "a party asserting a claim, … may join, as independent or alternative claims, as many claims as it has against an opposing party" and clearly this is beneficial to the Court's goal of efficiency, which I aspire to promote. If I am not able to amend this complaint and must instead file a new case for the new claims, the efficiency promoting purpose of Rule 18(a) would not be realized.

My respectful request for leave to amend by September 17th, which is only 8 days from now, imposes minimal delay on the defendants and hardly any additional burden considering that if my new claims were filed against them in a new case, they would have to motion for the dismissal or answer these new causes of action anyway on that same time frame. With such a minute impact on these defendants, a granting of this leave to amend will protect my rights from otherwise guaranteed extinction, prior to ever being considered on their merits as justice requires, while also contributing to the efficiency of this Court. I respectfully invite Your Honor to take notice that the existing defendants have already received either 59 or 63 days of extra time in excess of the minimum provided by the rules, given to them over my objections, *gratis* by and unreciprocated to my former counsel, hence bringing me to the precipice of the statute of limitations.

Rule 15(a)(2) provides that "the court should freely give leave [to amend], when justice so requires." and I respectfully present to Your Honor that as a rule contemplating justice, every possible factor supporting justice is present here and is supportive of my respectful request. The text of Rule 15(a)(2), which specifically provides that a court should do this "freely", a word not used in any other rule, signifies a special discretion and encouragement to avoid excessive technical restraint or unnecessary contestation. Additionally, while the Federal Rules of Civil Procedure regulate motions throughout, and provide that certain actions or results must either ordinarily or necessarily involve motions, Rule 15(a) contemplates "leave" for amendment, in contrast to the supplemental pleading of Rule 15(d) just a few lines down requiring "motion and reasonable notice". Freely granting leave is even instructed during and after trial, which is as far away as possible a stage on the procedural development life cycle from this case, by Rule 15(b).

This case is a procedural infant, as there has been no discovery other than that which was required to identify the Does, and there has been no ruling on the merits of any substantive issue or legal question other than the appropriateness of granting expedited discovery narrowly tailored to identify the former Does, which was powerfully vindicated by the positive identification of the Does and the bringing of the exhibits in the record. Please also allow me to remark that I would not oppose the undoubtedly correct, efficient and generous schedule that Your Honor set out for dueling motions for leave to amend and to dismiss, but for the fact that my claims will necessarily be extinguished during the current briefing schedule regardless of any eventual success with the contemplated motions.

I also wish to respectfully observe that courts have a preference for parties to be represented by counsel, and that this is not without good reason, but I have been left alone in dire straits at a late hour, and I have no choice but to use the utmost of my abilities to preserve my rights. I respectfully commit to Your Honor that I will do diligent work comparable to skilled members of the profession I aspire to join in both form and substance, and I respectfully ask for the opportunity to preserve my rights by amending my pleading.

Thank you for considering my request in this matter,

Respectfully submitted,

/s/ Gideon Rapaport *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627 1078 Summit Avenue
Jersey City, New Jersey, 07310