The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Your Honor:

    I am respectfully writing in response to Mr. Chase's letter of September 9th.

1. This opposing letter is not responsive to the transformed circumstances of this matter, as I detailed in my previous letter in which I sought leave to amend. The Court was not informed by my former counsel on September 5th that my new claims against existing defendants and an additional party which may be required by Rule 19, and against which I must relate-back my existing claims through this case, are about to be imminently time-barred after September 17th.

2. This opposing letter included an erroneous statement that "Plaintiff's letter does not address the standards for leave to amend" (ECF 61), and I respectfully wish to draw Your Honor's attention to where in my September 9th letter I provided the standard of Rule 15(a)(2), which is "*freely ... when justice so requires*" in the second paragraph of the second page, and further discussed the correctness and justification of my seeking leave to amend without a motion, because of the impossibility of doing so considering the amount of time available (ECF 60). Furthermore, this contemplated amendment will only be the first in relation to these named defendants, as the original complaint was not only a John Doe complaint but also a *pro se* John Doe complaint.

3. No authority has been provided by opposing counsel, nor is there any, that Rule 15(a)(2) leave must come as the result of a motion, and this assumption by opposing counsel is contradicted by Rule 15(d), relating to supplemental pleading, which in contrasting terms specifically provides "On motion and reasonable notice, the court may, on just terms…" rather than Rule 15(a)(2)'s "The court should freely give leave when justice so requires".

    For these reasons, the letter's baseless and dilatory opposition of a necessary, efficient and procedurally justified request renders it defective on its face, to use their terminology, as it is supported by nothing other than bare and performative recitation of "futile, untimely and prejudicial". All this even when none of those adjectives can apply to new claims against these defendants and a new, potentially required party, against for which I am free to bring a new case on or before September 17th, but am attempting to avoid doing so in the interest of avoiding prejudice and inefficiency.

    I am also respectfully requesting that Mr. Chase be more precise in his future letters, especially because as a *pro se* litigant there is usually a delay of a few hours between when I email a filing to the Pro Se Office and when they file it. As such, I may not always be able to provide corrections in time for Your Honor to be informed of his occasional inexactness, such as his writing that my "letter does not address the standards for leave to amend" (ECF 61), or the declaration in his September 4th letter that "Plaintiff's deadline to file an opposition to all Defendants' motions has passed" (ECF 56) despite the fact that Your Honor had already endorsed a September 16th deadline for my opposition negotiated with the other defendants by my former counsel (ECF 49) in July.

    I respectfully reiterate all I wrote in my September 9th letter, and respectfully assure Your Honor that I would not be opposed to the reasonable and generous motion, opposition and reply process, with

redlining as specified for such motions by your Individual Rules and Practices, if only there were time for this to be accomplished by motion. My new claims and the inclusion of a new and possibly required party are threatened with ultimate prejudice by operation of the statute of limitations and relating-back procedures, regardless of my eventual success with that motion practice after September 17th, which is just 7 days from now, and well before that motion practice concludes. Because it is too late as a result of generous extensions of time the defendants have received, and Mr. Chase's untimely, last-minute opposition to amendment, 14 days after he received notice of intention, I seek leave to amend without a motion because justice so requires.

    Thank you for considering my request in this matter,

    Respectfully submitted,

    /s/ Gideon Rapaport *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627 1078 Summit Avenue
Jersey City, New Jersey, 07310