The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

**Re: Motion to Disqualify Opposing Counsel and Conferral About Leave to Amend**

Your Honor:

    I am respectfully writing to update you about progress in the case.

    Since returning to representing myself on this case, beginning September 9th, I have completed a review of additions to the docket since I ceased representing myself on April 24th, 2024. These new items include the appearances by opposing counsel on behalf of defendants, who were previously absent from the case as Does, and the filing of motions to dismiss on their behalf.

    Upon completing my review of the docket, I have become persuaded that Schaerr-Jaffe LLP, whose attorneys are admitted here *pro hac vice*, cannot ethically represent both defendants Iyer and Garrett concurrently, and that for them to continue to do so would be an egregious transgression of the fundamental boundaries protecting the integrity of the adversarial process and administration of justice. Specifically according to the local rules of this Court and the professional ethical rules of New York, particularly Rule 1.7 of the New York Rules of Professional Conduct, itself inspired by the ABA Model Rules.

    To this end I have filed a motion and a memorandum of law together with this letter, to have Schaerr-Jaffe LLP disqualified as counsel in this case. Specifically, and as is further elaborated on in the memorandum of law, such concurrent representation necessarily deprives defendants of defenses, and potentially their best at that, relating to both liability and damages because they are contradictory. They also have radically different interests as to settlement, and the consequences of factual admissions or findings upon eligibility to remain in or join the legal profession for reasons of character and fitness, which do not tolerate forgery or conspiracy to perpetrate forgery by attorneys. There is also the impact of bankruptcy law, which provides that a judgment resulting from negligent defamation may be dischargeable, while "willful and malicious injury" will result in a nondischargeable debt.

    Because of this ethical conflict, I have not conferred with Schaerr-Jaffe LLP attorneys. These revelations, and the consideration that a major reason I seek leave to amend is in order to add an additional, possibly required party, whose addition will significantly strengthen the case of "malicious injury" being perpetrated by one of these two, while somewhat lessening it in the other, and would provide Schaerr-Jaffe LLP with an impossible choice and underscore their conflict of interest.

    As to conferral with Mr. Chase, he has not contacted me, and my best understanding of where he left conferral on this matter with my former counsel was his requirement that I send to him a redline for him to approve, rather than agreements be reached as to of principle and scope. Although I appreciate Mr. Chase is ethically required to provide his client with zealous advocacy, I cannot agree to allow a party with diametrically opposed interests to censor my adversarial claims against them, anymore than I would find it proper for them to rule on my claims or on my damages. Furthermore, because all parties must agree to an amendment of the pleadings by consent, and I could not ethically

confer with the commingled counsel of defendants Iyer and Garrett, such conferral would have been futile.

        Respectfully submitted,

            /s/ Gideon Rapaport *pro se*
            GideonRapaportLaw@outlook.com
            (862) 213-0895
            #627 1078 Summit Avenue
            Jersey City, New Jersey, 07310