The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:     Rapaport v. Iyer et al., 23-cv-06709

**Letter-Motion for Leave to Amend and File Attached Second Amended Complaint**

Your Honor:

I am respectfully writing to request leave to amend my First Amended Complaint.

Rule 15(a)(2) provides that absent an amendment as of right under (a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The contemplated Second Amended Complaint:

- **Adds an additional party for the purposes of relating back**

- **Provides additional factual allegations and greater detail**

- **Incorporates additional exhibits that will cleanly resolve plausibility questions**

- **Pleads sufficient information to dispose of certain affirmative defenses without additional rounds of pleading and briefing**

- **Causes no prejudice to any party because no answers have been filed nor determinations as to the facts been made**

- **Does not delay proceedings as it is being contemplated alongside motions to dismiss and a motion to disqualify opposing counsel**

The contemplated amendment adds an additional party, that is arguably a necessary party, and one that may only be held liable through the relating-back mechanism of an amended pleading. Justice would be stymied if a liable party were not included utilizing the substantive law, which allows for relating-back with respect to later discovered John Doe defendants.

This party, Mitchell Kevalla Pallaki, played an integral role in the transactions and occurrences, and was a member of the civil conspiracy initiated by defendants Iyer and Garrett almost from the very start. The presence of putative defendant Pallaki also connects the conduct of defendants Iyer and Garrett to an established and notorious pattern of previous misconduct and defamations, in which they themselves also participated, but which was not previously alleged, and results in an incontrovertible narrative well-supported by exhibits.

The contemplated Second Amended Complaint also adds a significant amount of relevant factual allegations pleading the causes of action alleged, and provides a heightened level of notice and

plausibility that addresses the alleged shortcomings of the First Amended Complaint identified by the defendants in their motions to dismiss for failure to state a claim. This Second Amended Complaint will serve to aid in efficiency by allowing all technical and procedural elements of pleading to be clearly resolved, and allow proceedings to continue to the discovery and the merits of the case.

The contemplated Second Amended Complaint will also provide additional factual detail and information that will allow threshold affirmative defenses to be disposed of at this stage, if they will even be brought in opposition at all. This will support efficiency by allowing the Court to avoid additional rounds of pleading and briefing for layers of threshold affirmative defenses that can simply be disposed of now.

Although there is no duty to anticipatorily plead against potential affirmative defenses, this moment of adding an additional party for the purposes of relating back presents a good opportunity to plead against those stated affirmative defenses and gain efficiency described in the paragraph above.

Because no judicial determinations have been made as to the allegations of the existing pleadings, and defendants have not even answered them yet, there is no abuse of process or prejudice that could even be possible by the contemplated Second Amended Complaint.

A granting of this leave to amend would allow for litigation to occur in the ordinarily contemplated course according the Federal Rules of Civil Procedure as further reflected in most cases by Individual Rule 4(e).

Usually, a plaintiff knows who the defendants are, and serves them. This gives the plaintiff the opportunity to utilize their one amendment as of course provided by Rule 15(a)(1) after engaging with the defendant's motion to dismiss. This can serve both sides in an efficient and speedy determination, because their pleadings and arguments can become responsive to one another sooner, and no time must be wasted defending a pleading that will be totally revamped in light of additional information and the particular defenses chosen. This case was brought as a Doe case, and so the one amendment as of course was utilized by the First Amended Complaint.

Because this leave to amend is being contemplated alongside motions to dismiss, and a motion to disqualify opposing counsel, it will not delay proceedings.

For these reasons, I respectfully request leave to amend my pleading to be reflected in the Second Amended Complaint. A redlined version of the Second Amended Complaint, demonstrating all changes from the First Amended Complaint is also provided to the Court as required by Your Honor's Individual Rules.

Thank you for considering my request in this matter,

Respectfully submitted,

/s/ Gideon Rapaport *pro se*
GideonRapaportLaw@outlook.com
(862) 213-0895
#627 1078 Summit Avenue
Jersey City, New Jersey, 07310