The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:     Rapaport v. Iyer et al., 23-cv-06709

**<u>Letter in Opposition of Extension of Time and Notice of Forthcoming Memorandum of Law</u>**

Your Honor:

I am respectfully writing to oppose the defendants' joint letter-motion for extension of time.

The defendants conferred with me today and expressed their intention to motion for a three-week extension. I offered to agree to a one-week extension but they did not respond thereafter. Because of the delay of approximately one day I experience in having the documents I submit as a *pro se* appear in the docket I submit this letter now, with notice of a forthcoming memorandum of law expected to be docketed 10/7/2024 in response to any argument they may raise in justification.

This request came just hours after the docketing of my notice about a new case with claims arising under federal law involving in part these parties and some of the factual background.

Ordinarily, two weeks are provided to reply to an opposition to a motion to dismiss, and an addition of three weeks, until October 31, would more than double this amount of time, and increase it to two and a half times the standard. In their conferral with me, the defendants mentioned the Jewish holidays, but their extension is so far beyond the Jewish holidays that they propose to bring the case to the precipice of Thanksgiving. Furthermore, Rosh Hashana and Yom Kippur only represent three weekdays this year.

Earlier, I requested and received a one-week extension, and worked tirelessly to prepare two oppositions, a motion for leave to amend and an amended complaint entirely by myself. This was in addition by being bound by a statute of limitations when preparing a complaint for a separate case for claims arising under federal law. There is no reason why such highly compensated and well resourced law firms cannot do the work with a 50% extension of the standard time, especially against a *pro se* litigant whose case they argue should be dismissed with prejudice and for which they confidently claimed any amendment would be "futile" ECF No. 56.

After making such bold assertions against my claims, they should walk the walk too, at least a little bit, and make do with a one-week extension that is highly generous under the circumstances. Two weeks with an additional week should be enough for high-powered lawyers to produce 10 pages of legal argument in support of a motion they were generously given over two months to prepare.

I oppose any extension greater than one week on that grounds that it would be dilatory, prejudicial, futile and without good cause, as will be clarified by my forthcoming memorandum of law. The defendants in this case have no shortage of resources, and no amount of time will allow them to compensate for the absence of any correct or persuasive grounds for their extraordinary requests, which are to deny me the opportunity to amend my complaint to add an additional party among other changes, and to dismiss my claims with prejudice.

      In my oppositions I have thoroughly demonstrated all of their legal defenses to be inapplicable, incorrect statements of the law or impossible to be considered at this stage of litigation, while also clearly showing the facial plausibility of the allegations as supported by powerful exhibits already in the record obtained through expedited discovery granted by this court. My forthcoming memorandum of law in support of my opposition will further elaborate on all relevant matters raised by the defendants' expected motion.

      Thank you for considering my request in this matter,

      Respectfully submitted,

           /s/ Gideon Rapaport *pro se*
           GideonRapaportLaw@outlook.com
           (862) 213-0895
           #627 1078 Summit Avenue
           Jersey City, New Jersey, 07307