The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:     Rapaport v. Iyer et al., 23-cv-06709

**Letter in Opposition to Consolidation of Briefing**

Your Honor:

      Today joint counsel for defendants Iyer and Garrett wrote to request my agreement to a consolidation of their briefing due in three days on October 31, 2024. I respectfully write to oppose any such consolidation on the grounds that it is untimely and prejudicial. This request is untimely because it is last-minute in relation to the deadline, and because it was initiated 19 days after the Court ruled on October 9 (ECF No. 84) to endorse the defendants' proposed briefing schedule (ECF No. 82), which provided for separate briefs as listed therein. Essentially, defendants Iyer and Garrett ask the Court to reconsider the granting of everything they themselves requested, without any change in circumstances or new revelations, after the 14-day window for reconsideration provided by Local Civil Rule 6.3 has passed no less.

      Schaerr-Jaffe LLP propose to consolidate their 10 page reply to my 25 page opposition to their motion to dismiss, and their 25 page opposition to my motion seeking leave to amend into one consolidated 30 page motion. Although they present to me that this will 'save' 5 pages in theory, it is precisely the opposite because my motion seeking leave to amend was filed as a letter-motion to which ordinarily only 5 pages are ordinarily afforded in response[1]. Furthermore, in practice, my letter-motion which they claim to have 25 pages with which to oppose, consisted of only two pages, as such motions are typically very short due to their role of raising the changes in the amended pleading for the court to consider in its discretion of applying the instruction of FRCP 15(a)(2) "The court should freely give leave when justice so requires". I modeled my letter-motion on those brought by large and prestigious law firms litigating complex cases, and found that these motions were brought as letter-motions and were similarly concise in highlighting the differences of the amended pleading to the Court, likely because there are no bright-line rules or even concrete standards to be argued about in the context of amending pleadings at the early stage of litigation.

      Realistically this means that if their request is granted, defendants will have roughly 28 pages to reply to my opposition of their motion to dismiss instead of 10, and the opportunity to raise new issues instead of being limited to replying to my arguments, due to a commingling of issues between my first and second amended complaints, which have a significant degree of overlap. This is highly prejudicial to me, and will also place the burden upon me of parsing out what components of the proposed consolidated brief I may reply to, when I defend my motion seeking leave to amend on November 14.

      The rules contemplate for the movant to have the last word in defending their motion, such as the defendants' motion to dismiss, but this last word is tempered by making this last word smaller, as a 10 page reply to a 25 page opposition, and limited to matters raised in replying to the opposition. The consolidation that defendants Iyer and Garrett request contradicts this principle and would introduce

---

1   Per the SDNY Motions Guide, motions for leave to amend are "nondispositive", and may thus be made by letter-motion under Local Civil Rule 7.1(d). https://www.nysd.uscourts.gov/sites/default/files/2018-06/motionsguide.pdf

procedural unfairness as well as prejudice, beyond the threshold issue of being untimely and barred by the ordinary deadline for reconsideration.

        Respectfully submitted,

            /s/ Gideon Rapaport *pro se*
            GideonRapaportLaw@outlook.com
            (862) 213-0895
            #627 1078 Summit Avenue
            Jersey City, New Jersey, 07307