UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------------------x
GIDEON RAPAPORT,                                  :
                                                  :   Case No. 1:23-cv-6709 (JGLC)
                Plaintiff,                        :
                                                  :
       - against -                                :   ORAL ARGUMENT REQUESTED
                                                  :
AJAY SRINIVASAN IYER, ZACHARY                     :
GEORGE GARRETT, and RICHARD ALLEN                 :
EPSTEIN,                                          :
                                                  :
                Defendants.                       :
------------------------------------------------------------------------x

# DEFENDANT EPSTEIN'S OPPOSITION TO PLAINITFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Jeremy Chase
Nimra H. Azmi
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Phone:    (212) 489-8230
Fax:      (212) 489-8340
jeremychase@dwt.com
nimraazmi@dwt.com

*Attorneys for Richard A. Epstein*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL HISTORY..................................................................................................... 2

ARGUMENT .............................................................................................................................. 3

I.   STANDARD FOR LEAVE TO AMEND ........................................................................ 3

II.  LEAVE TO AMEND SHOULD BE DENIED AS FUTILE ............................................ 3

    A.   Plaintiff's Proposed Amendment Still Does Not State a Defamation Claim.......... 5

    B.   Plaintiff's Proposed Amendments Cannot Fix His Duplicative Tort Claims ......... 7

III. LEAVE TO AMEND WOULD CAUSE DEFENDANT UNDUE EXPENSE ............... 11

CONCLUSION......................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Biro v. Condé Nast*,
    807 F.3d 541 (2d Cir. 2015)......................................................................................................6

*Brown v. City Univ. of N.Y.*,
    2022 WL 4637818 (E.D.N.Y. Sept. 30, 2022) .......................................................................10

*Carvel Corp. v. Noonan*,
    3 N.Y.3d 182 (2004) ................................................................................................................9

*Clark v. Advanced Composites Grp.*,
    2019 WL 2520741 (S.D.N.Y. May 9, 2019) ..........................................................................10

*Deaton v. Napoli*,
    2019 WL 4736722 (E.D.N.Y. Sept. 27, 2019) .........................................................................8

*Evliyaoglu Tekstil A.S. v. Turko Textile LLC*,
    2020 WL 7774377 (S.D.N.Y. Dec. 30, 2020) ..........................................................................9

*Farsura v. QC Terme US Corp.*,
    2023 WL 2919553 (S.D.N.Y. Mar. 14, 2023) ..........................................................................3

*FullSend, Inc. v. Nelk, Inc.*,
    2023 WL 2710593 (E.D.N.Y. Mar. 30, 2023) ..........................................................................9

*Hadami, S.A. v. Xerox Corp.*,
    272 F. Supp. 3d 587 (S.D.N.Y. 2017).......................................................................................9

*Hayden v. Cnty. of Nassau*,
    180 F.3d 42 (2d Cir. 1999).......................................................................................................3

*In re Bernard L. Madoff Inv. Secs. LLC*,
    440 B.R. 282 (Bankr. S.D.N.Y. 2010)......................................................................................8

*Kemp v. N.Y. State Dep't of Corr. Servs.*,
    2010 WL 11626875 (E.D.N.Y. Apr. 27, 2010) ........................................................................3

*Kiarie v. Dumbstruck, Inc.*,
    473 F. Supp. 3d 350 (S.D.N.Y. 2020).......................................................................................4

*Lesnik v. Lincoln Fin. Advisors Corp.*,
    2019 WL 6169971 (S.D.N.Y. Nov. 20, 2019)....................................................................3, 11

*Leung v. N.Y. Univ.*,
   2010 WL 1372541 (S.D.N.Y. Mar. 29, 2010), *aff'd in part on relevant grounds*,
   580 F. App'x 38 (2d Cir. 2014) ...................................................................................................5

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007)........................................................................................................3

*Rapaport v. Finkelman*,
   No. 1:24-cv-5942 (JGLC) .........................................................................................................1

*Rodgers-King v. Candy Digit. Inc.*,
   2024 WL 382092 (S.D.N.Y. Feb. 1, 2024)...............................................................................5, 6

*Sawyer v. Musumeci*,
   1997 WL 381798 (S.D.N.Y. July 9, 1997), *aff'd*, 165 F.3d 14 (2d Cir. 1998).........................5

*Tasso v. Platinum Guild Int'l*,
   1998 WL 841489 (S.D.N.Y. Dec. 3, 1998) ................................................................................6

*TechnoMarine SA v. Giftports, Inc.*,
   758 F.3d 493 (2d Cir. 2014)........................................................................................................3

*Yukos Cap. S.A.R.L. v. Feldman*,
   2016 WL 183360 (S.D.N.Y. Jan. 11, 2016) ...............................................................................5

**Statutes**

New York's Anti-SLAPP Law ..........................................................................................................6

**Rules**

Federal Rules of Civil Procedure Rule 15(a)(2) ..............................................................................3

Rule 8 ................................................................................................................................................5

Defendant Richard Epstein hereby submits this opposition to the motion of plaintiff Gideon Rapaport ("Plaintiff") for leave to amend his first amended complaint (the "Motion" or "Mot."), Dkt. Nos. 77-78.[1]

## PRELIMINARY STATEMENT

Plaintiff's Proposed Second Amended Complaint ("Proposed SAC" or "SAC"), like its predecessors, paints a picture of a young man with career aspirations as lofty as his sense of entitlement, who made every effort to cozy up to Professor Epstein, in hopes that it could help him secure a prestigious clerkship in the federal judiciary and the U.S. Supreme Court. But when Plaintiff's grandiose expectations did not pan out, he decided to lash out at his professor, his classmates, and anyone else who he suspects has wronged him with meritless federal litigation.[2] But Plaintiff cannot put forth a viable claim because there is no recourse under the law for being unpopular in law school or failing to secure a Supreme Court clerkship.

Critically, Plaintiff has already filed a First Amended Complaint ("FAC") with the assistance of counsel (Dkt. No. 38), but as explained in Professor Epstein's Motion to Dismiss (Dkt. Nos. 50-51), even this lawyer-drafted complaint failed to plausibly plead his claims. Rather than correcting the FAC's defects outlined in Defendant's dismissal motion, Plaintiff's Proposed SAC repeats and magnifies the FAC's errors, highlighting its manifest frivolity and implausibility. It also seems largely designed to publicize petty internecine conflicts within the NYU Law School Federalist Society, including speculations on a fellow student's sexuality and disagreements about irrelevant list-serv emails. Plaintiff's request to file the Proposed SAC should be denied as futile

---

[1] This Opposition incorporates the arguments made in Professor Epstein's Motion to Dismiss brief (Dkt. No. 50) and his accompanying reply brief.

[2] *See*, *e.g.*, *Rapaport v. Finkelman*, No. 1:24-cv-5942 (JGLC) (federal lawsuit brought by Plaintiff against Twitter user for commenting on the allegations of the instant lawsuit).

1

for the reasons set forth in Professor Epstein's Motion to Dismiss, in his Reply Brief, and for the additional reasons set forth below.

## PROCEDURAL HISTORY

Plaintiff filed the original complaint in this action *pro se* on July 28, 2023 against three John Doe defendants, identified as a Reddit.com user, a Top-Law-Schools.com user, and a current or former NYU Law student. Dkt. No. 1. The original complaint brought claims for defamation, defamation by implication, defamation *per se*, false light invasion of privacy, and IIED. *Id.* After retaining counsel, Plaintiff filed the FAC on May 24, 2024, adding Professor Epstein as a new defendant along with Defendants Iyer and Garrett. Dkt. No. 38. Against Professor Epstein, Plaintiff brought claims for defamation, injurious falsehood, IIED, false light invasion of privacy, civil conspiracy, fraud, and tortious interference. *Id.* Professor Epstein filed his Motion to Dismiss the FAC on August 12, 2024. Dkt. Nos. 50-51.

On August 22, 2024, Plaintiff's former counsel filed a letter informing the Court that he planned to file a second amended complaint as of right. Dkt. No. 55. On September 4, 2024, counsel for all Defendants submitted a joint letter stating that Plaintiff had not abided by this Court's rules in announcing his intent to file a new complaint without seeking the parties' consent or leave of the court and that the defendants intended to oppose any such amendment. Dkt. No. 56. On September 5, 2024, this Court ordered the parties to confer and agree on the proposed amendment or for Plaintiff to move for leave to amend. Dkt. No. 58.

On September 8, 2024, Plaintiff informed the Court and Defendants that he was proceeding *pro se*. Dkt. No. 60. On September 26, 2024, Plaintiff filed his Opposition to Professor Epstein's Motion to Dismiss. Dkt. No. 76. The next day, Plaintiff filed a Letter Motion seeking Leave to File the Proposed SAC (Dkt. Nos. 77-78). This Opposition follows.

**ARGUMENT**

I.   **STANDARD FOR LEAVE TO AMEND**

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court may only grant a party leave to amend a pleading if "justice so requires." The district court "has discretion to deny leave for good reason." *Farsura v. QC Terme US Corp.*, 2023 WL 2919553, at *3 (S.D.N.Y. Mar. 14, 2023) (citation omitted), *R. & R. adopted*, 2023 WL 4348388 (S.D.N.Y. July 5, 2023). To that end, "it is within the sound discretion" of the court to deny leave to amend for any of the following reasons: (1) futility; (2) bad faith; (3) undue delay; or (4) undue prejudice to the opposing party. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007); *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014). To decide futility, "the court must determine whether the allegations in the complaint state a claim upon which relief can be granted." *Kemp v. N.Y. State Dep't of Corr. Servs.*, 2010 WL 11626875, at *2 (E.D.N.Y. Apr. 27, 2010) (citation omitted). Undue prejudice may include the expenditure of significant additional expense litigating the dispute. *See Lesnik v. Lincoln Fin. Advisors Corp.*, 2019 WL 6169971, at *2 (S.D.N.Y. Nov. 20, 2019).

Here, the Court should deny leave to amend because (1) Plaintiff's proposed amended allegations cannot and do not rectify the manifold pleading failures of his First Amended Complaint and must be dismissed as futile, and (2) the significant additional expenditure in litigating this meritless action would cause Professor Epstein undue prejudice.

II.   **LEAVE TO AMEND SHOULD BE DENIED AS FUTILE**

The Court should deny Plaintiff's request for leave to file the Proposed SAC as futile because his proposed amended complaint could not survive a motion to dismiss. *See Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) ("[W]here the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal,

3

opportunity to replead is rightfully denied."); *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 356 (S.D.N.Y. 2020) ("[T]he proposed FAC is futile as its allegations against [defendants] could not survive a motion to dismiss. Accordingly, the motion to amend must be denied for this reason alone.").

By and large, most of Plaintiff's proposed amendments do not even attempt to rectify the prevailing defects in his FAC set forth in the Motion to Dismiss. Instead, they merely spotlight gossip at NYU's Federalist Society during Plaintiff's time there, including Plaintiff's musings about a particular student's sexual orientation and romantic pursuits, SAC ¶¶ 178-87, the bodies of his female peers, *id.* ¶ 173, his habit of dating "educated women, often in the prime of their professional careers," *id.* ¶ 163, his excitement to pursue "AAA-grade shiksas" in Finland, *id.* Ex. 4, and a perplexing recitation of ABBA lyrics, *id.* ¶ 193. None of these allegations are reasonably relevant to the merits of his claims against Professor Epstein or the other Defendants.

Even those few of Plaintiff's newly added allegations that actually pertain to his claims against Professor Epstein do not come close to curing the fatal defects pointed out in Professor Epstein's Motion to Dismiss, rendering the proposed amendment futile. ***First***, Professor Epstein is still immune from liability under Section 230 for any claims arising from his alleged forwarding of the email communications to Lee Otis. Plaintiff's new defamation-related allegations still do not plead the alleged content of the defamatory statements, when they were said, and to whom. Nor do any of Plaintiff's new allegations evidence actual malice, which require dismissal of his defamation, injurious falsehood, and false light claims. ***Second***, none of Plaintiff's new allegations pertaining to his remaining tort claims—most of which are still duplicative of his flawed defamation claim—render any of these claims remotely plausible and each still fails for the same

4

reasons as set forth in the Motion to Dismiss. Accordingly, Plaintiff's request to file the Proposed SAC should be denied as futile.

  **A.** **Plaintiff's Proposed Amendment Still Does Not State a Defamation Claim**

  As the Motion to Dismiss explains, Section 230 bars Plaintiff's defamation claim, which also fails because Plaintiff has not pled any allegedly defamatory statements with specificity or offered facts that, if true, could raise a plausible inference of actual malice. Rather than remedying these flaws, Plaintiff's Proposed SAC merely repackages them with inflammatory and irrelevant details that do not edge the pleading any closer to plausibly pleading a claim. Amendment of his defamation claim is therefore futile.

  In a naked effort to avoid Section 230 immunity, Plaintiff adds new allegations vaguely averring that Professor Epstein also defamed him in-person. But as he did previously—and despite Defendant's Motion to Dismiss alerting him to this failing—Plaintiff still does not plead *what* Professor Epstein purportedly said, to *whom*, and *when*. Each of these failures is itself fatal. "[E]ven under the liberal standard of Rule 8, to establish a claim for defamation, the complaint must identify (1) the allegedly defamatory statements; (2) the person who made the statements; (3) the time when the statements were made; and (4) the third parties to whom the statements were published." *Yukos Cap. S.A.R.L. v. Feldman*, 2016 WL 183360, at *1 (S.D.N.Y. Jan. 11, 2016) (citation omitted). To satisfy such notice, plaintiff must "provide a detailed description of the defamatory statements." *Leung v. N.Y. Univ.*, 2010 WL 1372541, at *8 (S.D.N.Y. Mar. 29, 2010), *aff'd in part on relevant grounds*, 580 F. App'x 38 (2d Cir. 2014). A defamation claim is too conclusory to survive where "the complaint does not even identify the statements." *Sawyer v. Musumeci*, 1997 WL 381798, at *2 (S.D.N.Y. July 9, 1997), *aff'd*, 165 F.3d 14 (2d Cir. 1998).

  Plaintiff's new allegations at SAC ¶¶ 81, 101, 102—which broadly aver that Professor Epstein spoke negatively about him—miss these pleading requirements by a mile. "Mere

5

conclusory statements that the claimant was disparaged by false statements are insufficient to state a defamation claim." *Rodgers-King v. Candy Digit. Inc.*, 2024 WL 382092, at *7 (S.D.N.Y. Feb. 1, 2024) (citation omitted) (dismissing complaint where "aside from a generalized summary, the Amended Complaint provides little specificity as to the substance of Candy's alleged statements").[3] Plaintiff's allegation at SAC ¶ 102 is an exemplar of this overall failure. There, he alleges that Professor Epstein uttered unspecified "remarks" and made Plaintiff a "topic of disparaging discussion" to a "small crowd of people" at "an exclusive Christmas party" hosted by an unnamed "eminent and wealthy New York family" in 2022 and 2023. *Id.* Plaintiff makes no attempt to plead what, if anything, Professor Epstein actually said about him. The pleading is also defective because Plaintiff does not state the date of this alleged statement nor name the third parties to whom they were purportedly published. These pleading failures are fatal as a matter of law. Repeating that same error at SAC ¶¶ 81 and 101, Plaintiff fails to identify the substance of the statements, to whom they were said and when. On their face, these proposed new allegations cannot save his defamation claim.

As an independent basis for dismissal, Plaintiff's proposed sparse allegations wholly fail to plead actual malice as he must pursuant to New York's Anti-SLAPP Law and the common interest privilege. *See* Mot. at 10-11. To plead actual malice, plaintiff must plead facts sufficient to raise a reasonable inference that the defendant in fact "entertained serious doubts as to the truth of his publication." *Biro v. Condé Nast*, 807 F.3d 541, 546 (2d Cir. 2015) (citation omitted). Plaintiff's main new allegation on actual malice adds that Professor Epstein cared "only about

---

[3] Plaintiff claims that Professor Epstein described him at unnamed times and to unnamed people as "delinquent, unreliable and untrustworthy." SAC ¶ 101. Even if Plaintiff had properly pled the allegedly defamatory statements with specificity – he did not – such assessments of Plaintiff are non-actionable opinion. *See*, *e.g.*, *Tasso v. Platinum Guild Int'l*, 1998 WL 841489, at *5-6 (S.D.N.Y. Dec. 3, 1998) (statements that plaintiff was "unethical, untrustworthy and unprofessional" and "incompetent," to be non-actionable opinion). Further, Plaintiff admits in his SAC to being absent from class, making the statement that he is "delinquent" substantially true. *See* Mot. at 9 n.5; SAC ¶ 101.

reputational optics," not truth or falsity. SAC ¶ 70. But Professor Epstein's alleged concern about "reputational optics" is not remotely probative of whether he subjectively doubted the truth of what he said. To the contrary, it emphasizes Professor Epstein's exceeding caution and explains his due consideration of serious allegations like the ones of sexual harassment against Plaintiff. Furthermore, the repeated allegations that Professor Epstein was led to *believe* the accusations against him only affirm that even in the Proposed SAC, Plaintiff has both failed to plead actual malice and has affirmatively pled facts *precluding* a finding of actual malice. *See* SAC ¶ 19 (Defendants Iyer and Garrett "convinced defendant Richard Epstein into believing the authenticity of the faked images and veracity of the defamatory claims"); ¶ 24 (Defendants Iyer and Garrett "detroy[ed] plaintiff's reputation and status with . . . defendant Epstein"); ¶ 169 (the students had "taken significant power over defendant Epstein"). For this separate reason, amendment of Plaintiff's defamation claim (as well as his false light and injurious falsehood claims) is futile.

**B.     Plaintiff's Proposed Amendments Cannot Fix His Duplicative Tort Claims[4]**

Even with the benefit of Defendant's Motion to Dismiss, Plaintiff was unable to plead in the Proposed SAC factual allegations rendering his tort claims viable because those facts do not exist. His bid to amend should therefore be denied as futile.[5]

**Tortious Interference with Prospective Economic Advantage.** Plaintiff's FAC failed to plead tortious interference, because it did not identify what Professor Epstein said to cause the

---

[4] Plaintiff's Proposed SAC seemingly makes no effort to right the pleading gaps pointed out by the Motion to Dismiss for his IIED, injurious falsehood, and false light claims (except for fruitless efforts as to actual malice as to the latter two as noted herein). For example, Plaintiff does not plead facts showing any "extreme and outrageous" conduct or that Professor Epstein *intended* Plaintiff to suffer emotional harm. *See generally* SAC; *see also* MTD at 16-19. Nor has Plaintiff pled, as he must for injurious falsehood, disparagement as to the "quality of his services" or special damages. *See* MTD at 19-21. Lastly, Plaintiff's Proposed SAC makes no effort to plead any reputational injury suffered in New Jersey due to false light. *See* MTD at 21-23. These persistent failures render Plaintiff's proposed amendment as to these claims completely futile.

[5] Plaintiff's proposed amendment as to his tortious interference, false light, IIED, injurious falsehood, and civil conspiracy claims is also futile as these claims are improperly duplicative of his meritless defamation claim.

alleged loss of any business opportunities, which specific business relationships were harmed, and because it was clear that Professor Epstein was not motivated solely by a desire to harm Plaintiff. *See* Mot. at 17-19. Plaintiff's new proposed allegations fail in much the same way.

At the outset, Plaintiff's vague new allegation that Professor Epstein sought to discourage potential employers "by means that are not as obviously defamatory," SAC ¶ 32, fails because he does not allege what was tortious or unlawful about Professor Epstein's alleged discouragement, and Plaintiff cannot state a tortious interference claim based on lawful statements or conduct. *See Deaton v. Napoli*, 2019 WL 4736722, at \*8 (E.D.N.Y. Sept. 27, 2019) ("[C]onduct that is not criminal or tortious will generally be 'lawful' and thus insufficiently 'culpable' to create liability for interference with prospective contracts or other nonbinding economic relations") (citation omitted). That same reason dooms Plaintiff's allegation that Professor Epstein asked the Manhattan Institute to assign to him the project Plaintiff claims he was hired for, since there is no allegation that Professor Epstein was aware that Plaintiff had been hired for that specific role, and Plaintiff fails to allege that Professor Epstein did it for the sole purpose of harming Plaintiff, rather than for any other legitimate reason such as contributing to scholarship, advancing the career of this Research Assistant, or similar. Further, although Plaintiff now identifies an allegedly lost position with the America Fund, SAC ¶ 33, he does not connect that loss to any unlawful action by Professor Epstein. *See In re Bernard L. Madoff Inv. Secs. LLC*, 440 B.R. 282, 296 (Bankr. S.D.N.Y. 2010) (dismissing tortious interference claim where plaintiff had not alleged conduct *caused* third party to not enter into a contractual relationship). These allegations simply do not state a claim.

Plaintiff also unsuccessfully attempts to rehabilitate his tortious interference claim by pleading that Professor Epstein informed Plaintiff that he would not receive a Bradley Fellowship

8

and apparently that he would not write Plaintiff a recommendation. SAC ¶¶ 79-81. First, refusing to write a student recommendation is simply not tortious interference. Second, these allegations fail for much the same reasons as before—Plaintiff again does not identify any specific statements or conduct by Professor Epstein to any third parties that caused any loss. Instead, he pleads vague insinuations and rank speculation that Professor Epstein somehow exerted influence over third parties to hurt Plaintiff. The only action or statement Plaintiff clearly pleads is Professor Epstein informing *Plaintiff* that he would not receive a Bradley Fellowship. SAC ¶ 79. This alleged communication solely to Plaintiff is not enough. *See Evliyaoglu Tekstil A.S. v. Turko Textile LLC*, 2020 WL 7774377, at *2 (S.D.N.Y. Dec. 30, 2020) (dismissing tortious interference claim where plaintiff did not "allege what was said … caused [him] to lose business opportunities."); *Hadami, S.A. v. Xerox Corp.*, 272 F. Supp. 3d 587, 602 (S.D.N.Y. 2017) (plaintiff failed to state tortious interference with prospective business relations claim where his complaint included no allegations that defendant had communicated with any of the third parties with whom plaintiff allegedly had a prospective economic advantage). Plaintiff also fails to identify the "top state policy think tank" where he did not receive a stipend. SAC ¶ 80. *See FullSend, Inc. v. Nelk, Inc.*, 2023 WL 2710593, at *5 (E.D.N.Y. Mar. 30, 2023) (failure to identify with specificity relevant businesses interfered with required dismissal of tortious interference claim). Moreover, Plaintiff's claim that an "order came from the top of the [Bradley Foundation] to prevent him from receiving [any funds]," SAC ¶ 80, likewise fails for its vagueness, including its failure to specify Professor Epstein's conduct or statements that led to this result.

Finally, Plaintiff's new allegation that Professor Epstein "care[d] . . . only about reputational optics," SAC ¶ 70, only confirms that Professor Epstein was not motivated solely by a desire to harm Plaintiff. *See Carvel Corp. v. Noonan*, 3 N.Y.3d 182, 189 (2004); *Hadami, S.A.*,

9

272 F. Supp. 3d at 602 (tortious interference claim failed where plaintiff had pled that defendant was "motivated by its desire to increase the sale of its products"); *see also* Mot. 18-20. Amendment of this claim would be futile.

**Fraud.** Plaintiff's new proposed allegations fail to prop up his facially deficient fraud claim too. The Proposed SAC's allegation that Professor Epstein "inspired fear in the plaintiff" by telling him about a Title IX claim against him to "cover up" for defendants Iyer, Pallaki,[6] and Garrett, SAC ¶¶ 84-85, does not render his claim viable. At its most basic level, the Proposed SAC—which does not even aver that this alleged statement was untrue—does not explain "why the statements (or omissions) are fraudulent" or how they could in any way be considered a "cover up." *Clark v. Advanced Composites Grp.*, 2019 WL 2520741, at *4 (S.D.N.Y. May 9, 2019). Nor can the additional detail that Professor Epstein "reaffirmed that he would not offer any information" to Plaintiff about his complaint, SAC ¶ 93, overcome Plaintiff's consistent shortfall in alleging the existence of a fiduciary duty owed by Professor Epstein to him as required to plead a fraud by concealment claim. *See* MTD at 23-24. Lastly, as explained in the Reply Brief, Plaintiff's alleged litigation cost of issuing the summonses, SAC ¶ 98, cannot satisfy pecuniary damages *caused* by any alleged concealment since Plaintiff had already planned to accrue these costs. Plaintiff's proposed amended fraud claim is futile.

**Conspiracy.** Plaintiff still fails to plead his civil conspiracy claim, because not only does he not allege any "agreement" by Professor Epstein, he adds a new proposed allegation that the "students in control of the chapter . . . [had] taken significant power over defendant Epstein," SAC ¶ 169, absolutely belying any "meeting of the minds" in which Professor Epstein was an active

---

[6] The allegation that Professor Epstein was "covering up" for Pallaki is directly contradicted by Plaintiff's allegation that Professor Epstein "was . . . unaware of the involvement of defendant Pallaki in the conspiracy." SAC ¶ 20. Accordingly, the Court need not accept these "conflicting pleadings" as true. *See Brown v. City Univ. of N.Y.*, 2022 WL 4637818, at *5 (E.D.N.Y. Sept. 30, 2022).

10

and knowing participant in any so-called conspiracy. Likewise, Plaintiff's continued failure to plead an underlying tort claim dooms his civil conspiracy claim.

In sum, rather than remedying the defects of the operative complaint, the Proposed SAC only deepens those deficiencies. It is clear that Plaintiff does not have the facts to plausibly allege any of his claims and he should be denied leave to amend for futility.

### III. LEAVE TO AMEND WOULD CAUSE DEFENDANT UNDUE EXPENSE

In evaluating whether leave to amend would result in undue prejudice, courts consider whether the proposed amendment would cause the non-moving party to incur significant expense or delay resolution of the dispute. *See Lesnik*, 2019 WL 6169971, at *2. Here, Professor Epstein has already expended significant resources moving to dismiss Plaintiff's First Amended Complaint. Allowing Plaintiff to amend yet again—which will certainly require Professor Epstein to file a second motion to dismiss—would only result in a waste of both the Court's and Defendant's time and resources. *See id.* ("Other factors that may be considered include . . . the judicial and party resources that have been expended, and any tactical behavior evident in the plaintiff's request for leave to amend.") (citation omitted).

Professor Epstein's motion to dismiss the FAC has been fully briefed and is awaiting either a hearing or the Court's disposition without argument. Defendant urges the Court to deny Plaintiff's Motion to amend and instead rule on Defendants' motions to dismiss, which should render Plaintiff's Motion moot.

### CONCLUSION

For the foregoing reasons, Professor Epstein respectfully requests that this Court deny Plaintiff leave to file his Proposed Second Amended Complaint.

Dated: October 31, 2024                                      Respectfully submitted,

                                                              */s/ Jeremy Chase*

Jeremy Chase
Nimra H. Azmi
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Phone:      (212) 489-8230
Fax:          (212) 489-8340
jeremychase@dwt.com
nimraazmi@dwt.com

*Attorneys for Richard A. Epstein*