UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
---------------------------------------------------------------x

GIDEON RAPAPORT,

                Plaintiff,

      - against -

AJAY SRINIVASAN IYER, ZACHARY
GEORGE GARRETT, and RICHARD ALLEN
EPSTEIN,

                Defendants.
---------------------------------------------------------------x

Case No. 1:23-cv-6709 (JGLC)

ORAL ARGUMENT REQUESTED

# DEFENDANT EPSTEIN'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Jeremy Chase
Nimra H. Azmi
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Phone:    (212) 489-8230
Fax:      (212) 489-8340
jeremychase@dwt.com
nimraazmi@dwt.com

*Attorneys for Richard A. Epstein*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 1

I.    Plaintiff's Claims are Barred by Section 230 Immunity............................................................ 1

II.   Plaintiff Fails to State a Defamation Claim ............................................................................ 3

III.  Plaintiff Has Not Alleged His Remaining Tort Claims ......................................................... 6

   A.   Plaintiff Has Not Pled Tortious Interference. ..................................................................... 6

   B.   Plaintiff Has Not Pled Injurious Falsehood. ....................................................................... 7

   C.   Plaintiff's False Light Claim Cannot Stand. ....................................................................... 7

   D.   Plaintiff Has Not Satisfied the Standard for Alleging Fraud. ............................................. 8

   E.   Plaintiff's Civil Conspiracy Claim Cannot Survive............................................................ 9

CONCLUSION ............................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andres v. LeRoy Adventures, Inc.*,
    201 A.D.2d 262 (1st Dep't 1994) ...................................................................................9

*Aristocrat Plastic Surgery, P.C. v. Silva*,
    206 A.D.3d 26 (1st Dep't 2022) .....................................................................................5

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................. 7, 9

*Banque Indosuez v. Barclays Bank PLC*,
    181 A.D.2d 447 (1st Dep't 1992) ...................................................................................9

*Bd. of Managers of Chelsea 19 Condo. v. Chelsea 19 Assocs.*,
    73 A.D.3d 581 (1st Dep't 2010) .....................................................................................9

*Berwick v. New World Network Int'l, Ltd.*,
    2007 WL 949767 (S.D.N.Y. Mar. 28, 2007) ............................................................. 3, 8

*Catalanello v. Kramer*,
    18 F. Supp. 3d 504 (S.D.N.Y. 2014) ..............................................................................8

*Cole v. Blackwell Fuller Music Publ'g, LLC*,
    2018 WL 4680989 (S.D.N.Y. Sept. 28, 2018) ...............................................................7

*Coleman v. Grand*,
    523 F. Supp. 3d 244 (E.D.N.Y. 2021) ............................................................................5

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010) ...........................................................................................7

*Doe v. Spencer*,
    2024 WL 915554 (M.D. Tenn. Mar. 4, 2024) ................................................................3

*Editor's Pick Luxury LLC v. Red Points Sols. SL*,
    2023 WL 6385993 (S.D.N.Y. Sept. 29, 2023) ...............................................................6

*Erdman v. Victor*,
    2021 WL 2481254 (S.D.N.Y. June 17, 2021) ................................................................6

*Evliyaoglu Tekstil A.S. v. Turko Textile LLC*,
    2020 WL 7774377 (S.D.N.Y. Dec. 30, 2020) ................................................................7

*Faulkner v. City of* Yonkers,
 105 A.D.3d 899 (2d Dep't 2013)...................................................................................11

*Force v. Facebook, Inc.*,
 934 F.3d 53 (2d Cir. 2019).............................................................................................3

*Goldman v. Reddington*,
 2021 WL 4099462 (E.D.N.Y. Sept. 9, 2021) ................................................................5

*Guan N. v. NYC Dep't of Educ.*,
 2013 WL 67604 (S.D.N.Y. Jan. 7, 2013) .......................................................................2

*Harte-Hanks Commc'ns, Inc. v. Connaughton*,
 491 U.S. 657 (1989).......................................................................................................4

*Hodges v. Lutwin*,
 2023 WL 3362836 (2d Cir. May 11, 2023) ...................................................................6

*Hoyt v. Kaplan*,
 263 A.D.2d 918 (3d Dep't 1999) ...................................................................................6

*Ingris v. Drexler*,
 2015 WL 1472657 (D.N.J. Mar. 30, 2015)....................................................................8

*Inspired Cap., LLC v. Conde Nast*,
 2018 WL 6173712 (S.D.N.Y. Nov. 26, 2018), *aff'd,* 803 F. App'x 436 (2d Cir. 2020) .........10

*Junius Const. Co. v. Cohen*,
 257 N.Y.393 (1931) .......................................................................................................9

*Lawrence v. Houston*,
 172 A.D.2d 923 (1991) ................................................................................................10

*Leung v. New York Univ.*,
 2010 WL 1372541 (S.D.N.Y. Mar. 29, 2010) ...............................................................4

*McGill v. Parker*,
 179 A.D.2d 98 (1st Dep't 1992) ..................................................................................11

*Miller v. Appadurai*,
 214 A.D.3d 455 (1st Dep't 2023) ..................................................................................5

*Miller v. Holtzbrinck Publishers*,
 L.L.C., 377 F. App'x 72 (2d Cir. 2010)........................................................................10

*Murphy v. Onondaga Cnty.*,
 2022 WL 819281 (N.D.N.Y. Mar. 18, 2022) ..............................................................11

*Oparaji v. Atl. Container Line*,
   2008 WL 4054412 (S.D.N.Y. Aug. 28, 2008) ................................................................. 2

*Shiamili v. Real Estate Group of NY, Inc.*,
   17 N.Y.3d 281 (2011) ..................................................................................................... 3

*Shuman v. N.Y. Mag.*,
   211 A.D.3d 558 (1st Dep't 2022) ................................................................................... 5

*Tongring v. Bronx Cmty. Coll. of City Univ. of New York Sys.*,
   2014 WL 463616 (S.D.N.Y. Feb. 4, 2014) ..................................................................... 6

*Travis v. Daily Mail*,
   78 Misc. 3d 1218(A) (Civ. Ct. N.Y. Cty. 2023) .............................................................. 5

*Ventures, LLC v. Ultimate One Distrib. Corp.*,
   2014 WL 1311979 (E.D.N.Y. Mar. 28, 2014) ............................................................... 10

*Zeran v. America Online, Inc.*,
   129 F.3d 327 (4th Cir. 1997) .......................................................................................... 3

**Statutes**

N.Y. Civ. Rights Law § 76-a *et seq* ................................................................................. 4, 5

**Other Authorities**

Rule 9(b) ................................................................................................................................. 9

**INTRODUCTION**

Defendant Richard Epstein's Motion demonstrated that Plaintiff's FAC suffers from numerous incurable defects.[1] ***First***, Professor Epstein is immune under Section 230 from claims based on alleged forwarding of email communications. ***Second***, Plaintiff's defamation claim fails because he does not specify any purportedly defamatory statements by Professor Epstein and pleads no facts that could establish – and indeed, pleads facts undermining – that Professor Epstein acted with actual malice. ***Third***, Plaintiff's tag-along tort claims fail both with his defective defamation claim and on their own merits. ***Fourth***, Plaintiff's fraud claim fails because Professor Epstein owed Plaintiff no duty to disclose facts, Plaintiff did not rely on Professor Epstein's purported representations, and Plaintiff suffered no pecuniary loss. ***Fifth***, his conspiracy claim fails because he does not plead any agreement by Professor Epstein or a viable underlying tort.

Instead of addressing the FAC's multiple defects, Plaintiff contends that well-settled law does not apply to him; that Professor Epstein bears the onus to *guess* at what he is claimed to have said about Plaintiff; that what Plaintiff believes the law *should be* overrides what the law *is*; and that the Court may consider unpled "facts" and legal theories. In short, the Opposition cannot and does not rectify the FAC's myriad defects. At bottom, this lawsuit is about a law student who did not achieve his own outsized career ambitions and is now concocting half-baked conspiracy theories blaming his classmates and once-favored professor for his shortcomings. This does not a cause of action make. This action must be dismissed with prejudice.

**ARGUMENT**

**I.     PLAINTIFF'S CLAIMS ARE BARRED BY SECTION 230 IMMUNITY.**

---

[1] This Reply uses the abbreviations from Defendant Epstein's Motion to Dismiss (Dkt. No. 51) ("Mot."). It also incorporates and adopts, as relevant, the arguments advanced by Defendant's Iyer and Garrett in their Motion to Dismiss memorandum of law (Dkt. No. 54) and Reply.

Section 230 bars the tort claims grounded in Professor Epstein's alleged forwarding of emailed materials from Iyer and Garrett. Professor Epstein set forth case after case holding that the precise conduct at issue here – forwarding a third-party's email – falls squarely within the scope of Section 230 immunity. Mot. at 5-6 (collecting cases). Plaintiff's meritless arguments as to why Section 230 does not apply should not be countenanced.

*First,* Plaintiff's series of faulty arguments against dismissal have no bearing on Section 230 defense. Plaintiff now claims that in addition to the email, Professor Epstein defamed him telephonically and in-person (*i.e.*, non-internet defamations). But the only such communication the Opposition identifies is a conversation solely between the two of them. Opp. at 20; *see also* Mot. at 10, n.6. Then, he bizarrely argues that a "close reading" of the FAC shows the defamation claim against Professor Epstein is *not only* predicated on his status as a "speaker" or "publisher," but on "conspiracy" or "vicarious liability."[2] Opp. at 15. This argument too is beside the point. Professor Epstein argues that Section 230 immunizes him from liability *for claims based on his forwarding of email communications*. Mot. at 5-6. Plaintiff's claims inherently treats Professor Epstein as the speaker or publisher of those forwarded statements. His half-hearted attempt to shoehorn Professor Epstein into liability for statements of others via conspiracy or vicarious liability principles is irrelevant to the Section 230 argument.

*Second*, Plaintiff claims that Section 230 is inapplicable because Professor Epstein is a "common law distributor." Opp. at 16-17. But courts have, for decades, interpreted Section 230's definition of "publisher" as including "distributors," thus eliminating distributor liability in the

---

[2] "Vicarious liability for defamation requires an agency relationship between the defendant and the maker of the defamatory statement." *Guan N. v. NYC Dep't of Educ.*, 2013 WL 67604, at *24 (S.D.N.Y. Jan. 7, 2013). An agency relationship exists where one authorizes another to act on their behalf and under their control. *Oparaji v. Atl. Container Line*, 2008 WL 4054412, at *11 (S.D.N.Y. Aug. 28, 2008) (history omitted). Far from showing that Iyer and Garrett allegedly acted against Plaintiff under Professor Epstein's "direction" or "control," the SAC alleges Iyer and Garrett *duped* Professor Epstein. FAC ¶¶ 17, 50. Nor does the "common interest privilege"—asserted as to Professor Epstein's communications with Otis—support the notion that Garrett and Iyer were his agents. *See* Mot. at 11.

2

online context. *See Shiamili v. Real Estate Group of NY, Inc.*, 17 N.Y.3d 281, 288–289 (2011) ("national consensus" Section 230 immunizes distributors); *see also Force v. Facebook, Inc.*, 934 F.3d 53, 65 (2d Cir. 2019); *Zeran v. America Online, Inc.,* 129 F.3d 327, 331–334 (4th Cir. 1997).[3]

## II. PLAINTIFF FAILS TO STATE A DEFAMATION CLAIM

Notwithstanding Section 230, Plaintiff still fails to adequately plead defamatory, non-email-based statements by Professor Epstein or *any* facts that if true could establish actual malice. Each deficiency mandates dismissal.

Professor Epstein's moving brief established that the FAC fails to satisfy the *in haec verba* requirement to put Professor Epstein on notice of the statements in suit. Mot. at 8-10; *Berwick v. New World Network Int'l, Ltd.*, 2007 WL 949767, at *11 (S.D.N.Y. Mar. 28, 2007). Tellingly, the Opposition makes no effort to clarify what Professor Epstein allegedly said or to whom he said it. Instead, Plaintiff appears to rely on (1) a sense of defamation in the air, (2) haughty platitudes like Professor Epstein "should know best who he talks to and what he says," and (3) vague suggestions that Professor Epstein "admitted in writing to his defamation" without identifying the specific writing. Opp. at 24. He even claims that the legal requirement that Plaintiff plead the defamatory words complained of would require him to "follow [Professor Epstein] with a dictaphone and a GPS tracker." *Id.* But the Federal Rules do not require Professor Epstein to intuit the basis for Plaintiff's claims nor do they allow Plaintiff to survive dismissal based on surmise. Plaintiff must satisfy the pleading standards and "provide a detailed description of the defamatory statements."

---

[3] Plaintiff makes two further meritless arguments against Section 230. *First*, he claims Professor Epstein's Section 230 argument would immunize revenge pornography. Opp. at 20. Plaintiff is wrong. *See Doe v. Spencer*, 2024 WL 915554, at *3 (M.D. Tenn. Mar. 4, 2024) (history omitted) (Section 230 did not immunize "legal liability for disclosing sexually explicit pictures…"). Further, Section 230 does not immunize intellectual property violations, and the conduct plaintiff describes would be subject to a copyright lawsuit. *See* Section 230(e)(2). *Second*, Plaintiff also claims, without supporting case law, that Section 230 immunizing email forwarding from state tort liability is "absurd," "textually incorrect," and an "infantile defense," even though courts around the country have held exactly that. *Compare* Opp. at 18-19 *with* Mot. at 6-7. Plaintiff may disagree with how courts apply Section 230, but he offers no substantive rejoinder or authority to the contrary. Plaintiff's bombast cannot overcome well-established law

3

*Leung v. New York Univ.*, 2010 WL 1372541, at *8 (S.D.N.Y. Mar. 29, 2010). He has not.

Next, Plaintiff devotes much of his Opposition to attempting to avoid the actual malice standard.[4] But the actual malice standard—merely an alternative basis for dismissal—governs here under both the Anti-SLAPP Law and the common interest privilege.

*First*, the Anti-SLAPP Law requires applying the actual malice standard to cases arising from "lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." N.Y. Civ. Rights Law § 76-a(1)(a)(2). It construes "public interest" "broadly" to "mean any subject other than a purely private matter." *Id.* § 76-a(1)(a)(2)(d).[5] Sexual harassment accusations—like those allegedly forwarded to Otis concerning Plaintiff's alleged conduct at K&E—are classic matters of public interest. *See Shuman v. N.Y. Mag.*, 211 A.D.3d 558, 558-59 (1st Dep't 2022); *Goldman v. Reddington*, 2021 WL 4099462, at *3-4 (E.D.N.Y. Sept. 9, 2021); *Coleman v. Grand*, 523 F. Supp. 3d 244, 259 (E.D.N.Y. 2021); *Travis v. Daily Mail*, 78 Misc. 3d 1218(A), at *3 (Civ. Ct. N.Y. Cty. 2023).

Not one of Plaintiff's arguments holds water. Plaintiff argues the FAC alleged the statements in suit were "fabricated," and therefore cannot be of public interest. Opp. at 13. But denying the statements' veracity does "not bear on the analysis of whether these are matters of public concern." *Shuman*, 211 A.D.3d at 559. All libel plaintiffs deny the truth of the statements

---

[4] The definitive lack of actual malice is punctuated by Plaintiff's acknowledgement that Professor Epstein *believed* the harassment allegations' "veracity" when he allegedly forwarded emails to the Federalist Society, and that Otis could not persuade "him of the truth" afterwards. Opp. at 11-12; FAC ¶¶ 17, 50. Otherwise, Plaintiff appears to confuse common law malice with actual malice and argues that Professor Epstein bore him ill-will, perpetuated random perceived slights, did not like him, and disassociated from Plaintiff to protect his own reputation. Opp. at 10-11. However, the "actual malice standard is not satisfied merely through a showing of ill will or 'malice' in the ordinary sense of the term." *Harte-Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 666 (1989). And "motive in publishing" statements "cannot provide a sufficient basis for finding actual malice." *Id.* at 665.

[5] Plaintiff make a spurious argument that the Anti-SLAPP Law's broad construction of "public interest" is somehow inequitable and would conflict with the rules on "defamation per se." Opp. at 14-15. This is nonsense. Regardless of the equities, the legislature chose to define "public interest" broadly and keyed it to the actual malice standard with full knowledge of the defamation per se rules.

in suit. If mere denials of the truth could transform a statement into one of purely private concern, the Anti-SLAPP Law would never apply. That is not the law.

Plaintiff's citation to *Miller v. Appadurai*, 214 A.D.3d 455 (1st Dep't 2023) is inapposite. There, the Court ruled an internal workplace complaint about a professor's treatment of a student was a private matter. *Id.* at 456. By contrast, the supposed sexual harassment allegations against Plaintiff occurred in a different workplace and were freely discussed in online public fora. FAC ¶ 37. As alleged, Professor Epstein simply notified an external colleague of these allegations because he had earlier recommended Plaintiff. Far from an internal workplace complaint, the allegations were of public interest and discussion to which the actual malice standard applies.

*Second*, even if the Anti-SLAPP law *does not* apply, the actual malice standard still would, because the alleged communications to Otis are subject to the common interest privilege. Professor Epstein recommended Plaintiff to the James Kent Academy and thus had a duty to disclose relevant information about him. *See Hodges v. Lutwin*, 2023 WL 3362836, at *3 (2d Cir. May 11, 2023) (privilege applied to disclosure of sexual misconduct claims to members of educational organization ahead of student program). Despite Plaintiff's claims to the contrary, the FAC establishes the common interest privilege on its face by pleading Professor Epstein is the "faculty advisor to the Federalist Society chapter," FAC ¶¶ 6, 25, and that he recommended Plaintiff for the Academy. *Id.* ¶ 45. This shows his "legal, moral or societal interest," *Hoyt v. Kaplan*, 263 A.D.2d 918, 919 (3d Dep't 1999), in disclosing to Otis the accusations against Plaintiff.[6]

Plaintiff's argument that the common interest privilege cannot be raised on a motion to dismiss is also incorrect. *See Erdman v. Victor*, 2021 WL 2481254, at *2 (S.D.N.Y. June 17, 2021).

---

[6] Plaintiff misconstrues Professor Epstein's argument and seems to believe that Professor Epstein is invoking the common interest privilege as to his *students*. He is not. He is instead invoking it as to his communications with Otis.

5

Lack of privilege is an element of defamation and plaintiff's burden to plead. *Id.* (applying privilege and dismissing defamation claim). Since the privilege's application is apparent from the FAC's face, the Court can certainly make this determination on a motion to dismiss. *See*, *e.g.*, *id.*; *Hodges*, 2023 WL 3362836, at *1 (affirming 12(b)(6) dismissal of complaint based on common interest privilege and plaintiff's failure to plead malice); *Editor's Pick Luxury LLC v. Red Points Sols. SL*, 2023 WL 6385993, at *3 (S.D.N.Y. Sept. 29, 2023); *Tongring v. Bronx Cmty. Coll. of City Univ. of New York Sys.*, 2014 WL 463616, at *7 (S.D.N.Y. Feb. 4, 2014). For all of these reasons, Plaintiff's defamation claim must be dismissed.

### III.    PLAINTIFF HAS NOT ALLEGED HIS REMAINING TORT CLAIMS

Plaintiff's remaining claims all suffer from numerous fatal defects. The Opposition does not attempt to refute (and thus concedes) that his IIED, tortious interference, injurious falsehood, and false light claims must be dismissed as duplicative of his meritless defamation claim. *See* Mot. at 14-15; *see also Cole v. Blackwell Fuller Music Publ'g, LLC*, 2018 WL 4680989, at *7 (S.D.N.Y. Sept. 28, 2018). As for the claims he addresses on the merits (he does not respond to the IIED arguments), Plaintiff's ill-founded arguments cannot salvage them.

#### A.    Plaintiff Has Not Pled Tortious Interference.

Professor Epstein's moving brief made clear that Plaintiff's tortious interference claim fails because it does not identify what Professor Epstein purportedly said, to whom he said it, or that it caused Plaintiff any loss. These failures mandate dismissal. *See Evliyaoglu Tekstil A.S. v. Turko Textile LLC*, 2020 WL 7774377, at *2 (S.D.N.Y. Dec. 30, 2020); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 114-15 (2d Cir. 2010). Instead of fixing these errors, the Opposition parrots the FAC's vague conclusions that Professor Epstein disparaged him "to all who would listen in his circle," Opp. at 24, still without identifying what was said or to whom. As with his defamation claim, Plaintiff grumbles that meeting the pleading standard would require a "Dictaphone" and

"GPS," and that "Professor Epstein should know best" the facts. *Id*. at 24. But "Defendant knows what he did to me," does not satisfy the pleading burden, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Plaintiff's clear-cut failure here requires dismissal with prejudice.

### B. Plaintiff Has Not Pled Injurious Falsehood.

Plaintiff has not made out his injurious falsehood claim, because he has not pled an injury to his *business*, actual malice, or special damages. *See* Mot. at 19-21. Rather than addressing these legal arguments in opposition, Plaintiff broadly recites his grievances without legal citation, affirming his blatant pleading failures. Opp. at 25. This claim too must be dismissed.

### C. Plaintiff's False Light Claim Cannot Stand.

Plaintiff's vague invocation of a "New Jersey community" is an obvious ploy to avoid that New York – the state with the most significant interest in Plaintiff's claims – does not recognize false light claims. While Plaintiff avers his prior residence in New Jersey mandates applying New Jersey law, the conduct described occurred at K&E's New York office, Professor Epstein resides in New York, and Plaintiff's reputation was purportedly impacted in the NYU Law community and at New York-based entities. *See* FAC ¶¶ 21, 72, 141. Accordingly, the "main import" of the alleged harm was with New York people and entities. *See Berwick*, 2007 WL 949767, at *7–8.

Plaintiff's sole case in support, *Catalanello v. Kramer*, 18 F. Supp. 3d 504 (S.D.N.Y. 2014), is readily distinguishable. There, (1) New Jersey law applied to all claims, not just false light, and (2) the defendant was *not* a New York resident, tilting the scale in favor of New Jersey law. *Id.* at 512-13. Here, however, Professor Epstein is a New York resident and it is not apparent how *his* conduct (i.e., forwarding an email to a non-New Jersey resident) could have impacted Plaintiff's reputation in New Jersey. Opp. at 29. But even under New Jersey law, Plaintiff's false light claim fails because sending a single email believing it contains true information cannot plead

7

false light. *See* Mot. at 22; *Ingris v. Drexler*, 2015 WL 1472657, at *4 (D.N.J. Mar. 30, 2015) ("it is not an invasion of the right of privacy…to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons."). In short, New York law does not cognize false light and even under New Jersey law, he fails to state a claim.

> D. **Plaintiff Has Not Satisfied the Standard for Alleging Fraud.**

Plaintiff has failed to satisfy Rule 9(b) or even *Iqbal*'s plausibility standard in setting out his fraud claim, and it must be dismissed.

*First*, both Plaintiff and Professor Epstein agree that Professor Epstein owed him no fiduciary duty, an admission that alone warrants dismissal, since a fiduciary duty is required for a fraud by concealment claim. *Bd. of Managers of Chelsea 19 Condo. v. Chelsea 19 Assocs.*, 73 A.D.3d 581, 582 (1st Dep't 2010). But to avoid dismissal, Plaintiff attempts to recast his fraud claim as one for "fraud by half truth," a theory that does *not* require a fiduciary duty, but that plainly does not correspond to the facts alleged. Plaintiff's cited cases involve defendants making affirmative representations to induce an action by the plaintiff, but omitting material facts that would transform the affirmative representations' import. *See, e.g.*, *Junius Const. Co. v. Cohen*, 257 N.Y.393 (1931) (disclosure of two incumbrances on property to buyer but not a third that destroyed value of land constitutes fraud). That is not what happened here. Plaintiff just vaguely pleads that Professor Epstein "attempted to cover up" Iyer and Garrett's identities by claiming ignorance and not "offer[ing] a single correction or addition" to his complaint when presented with it hours before filing. *See* FAC ¶¶ 74, 82, 130, 131.[7] He does *not* plead he believed Professor

---

[7] Plaintiff's cited cases do not stand for what he suggests. In *Andres v. LeRoy Adventures, Inc.*, 201 A.D.2d 262, 262 (1st Dep't 1994), the fraud claim was dismissed and the decision did not address "fraud by half truth." And *Banque Indosuez v. Barclays Bank PLC*, 181 A.D.2d 447, 447 (1st Dep't 1992) does not deal simply with pleading ignorance—rather, defendant's employee affirmatively marked an overdraft as "under review," while in another document, demanded repayment. This "under review" designation was deemed a "half-truth," but is nothing like the issues here.

8

Epstein's alleged statements or omissions, that he was deceived, or that he relied on Professor Epstein's purported statements or omissions. Rather, Plaintiff states he filed his lawsuit *hours* after meeting with Professor Epstein. FAC ¶¶ 80-83, 134. At most, his allegations approximate a fraud by concealment claim *sans* fiduciary duty—not a fraud by half truth. But that is not enough. Because Plaintiff admits Professor Epstein did not owe him a fiduciary duty, dismissal is required.

*Second*, Plaintiff's argument that pecuniary damages or "out-of-pocket" costs are not required to plead fraud in federal court, Opp. at 26, is contradicted by a litany of federal court cases granting dismissal motions for failure to plead pecuniary damages. *See*, *e.g.*, *Miller v. Holtzbrinck Publishers*, L.L.C., 377 F. App'x 72, 74 (2d Cir. 2010); *Inspired Cap., LLC v. Conde Nast*, 2018 WL 6173712, at *5 (S.D.N.Y. Nov. 26, 2018), *aff'd,* 803 F. App'x 436 (2d Cir. 2020). Nor can Plaintiff satisfy this element by relying on the (unpled) expenses of serving court-issued subpoenas, Opp. at 26,[8] when the alleged fraud occurred on the last day before the statute of limitations expired and just hours before he filed the original complaint, FAC ¶ 80, meaning that he was already intending to use subpoenas to "uncover" Defendants' identities. To allow anticipated litigation expenses to satisfy this element would render the pecuniary damages component of a fraud claim a nullity.[9] Plaintiff's fraud claim fails.

### E. Plaintiff's Civil Conspiracy Claim Cannot Survive.

Civil conspiracy requires the plaintiff to allege "a cognizable tort, coupled with an

---

[8] Plaintiff cannot satisfy out-of-pocket damages by complaining, *inter alia*, he had to pay for his own lunch both as a matter of law, and because he did not plead it. Opp. n. 4.

[9] Plaintiff claims that he can plead pecuniary damages through "delay of a legal right." There was no delay caused by Professor Epstein. Plaintiff, of his own accord, filed his original complaint shortly before the expiration of his statute of limitations and waited three months to seek permission to file third party subpoenas. Dkt. No. 11. Nor is *Lawrence v. Houston*, 172 A.D.2d 923 (1991) relevant. There, plaintiffs claimed a misrepresentation delayed them in obtaining legal counsel, resulting in failure to properly obtain and preserve evidence, which could impact the outcome at trial. *Id.* at 925. Here, Plaintiff was and is proceeding without counsel and the alleged omission occurred on the day he filed the complaint, negating any claim of a delay caused by Professor Epstein. Nor can nominal damages satisfy this element as he has not even sought nominal damages in his FAC. Opp. at 28.

9

agreement between the conspirators regarding the tort, and an overt action in furtherance of the agreement." *Faulkner v. City of* Yonkers, 105 A.D.3d 899, 900-01 (2d Dep't 2013). The FAC does not allege that Professor Epstein *ever* reached an agreement with Iyer and Garrett; rather it alleges that Professor Epstein acted as "an *unwitting* instrument of [Iyer and Garrett's] civil conspiracy," rendering any claim of a "meeting of the minds" illusory. FAC ¶ 50. And while Plaintiff claims his Exhibit 3 "provides the best possible support for plausibility of a civil conspiracy imaginable," Opp. at 32, Exhibit 3 does *not* show any agreement by Professor Epstein. Instead, it only shows Garrett told Redpath and Alcantara that he informed Professor Epstein of the allegations, that Professor Epstein was "very upset," and that he felt Otis should be told. FAC Ex. 3. Nothing shows that Professor Epstein issued any instruction, any agreement to a conspiracy, or that he believed the allegations against Plaintiff to be false. Garrett did not even copy Professor Epstein on the email.

There is likewise no merit to Plaintiff's circular argument that Professor Epstein's denial of a conspiracy evidences a conspiracy.[10] *See* Opp. at 32. Nor is there merit to Plaintiff's argument that Professor Epstein's declining to assist him with his Complaint or identify Iyer and Garrett constitutes fraud, *i.e.*, an overt act in furtherance of a conspiracy he never is alleged to have joined. In short, Plaintiff fails to allege any underlying tort, *see Murphy v. Onondaga Cnty.*, 2022 WL 819281, at *17 (N.D.N.Y. Mar. 18, 2022), a critical failure that requires dismissal.

## **CONCLUSION**

For the foregoing reasons and for those set forth in the Motion to Dismiss, Defendant Epstein respectfully requests that the Amended Complaint be dismissed with prejudice.

---

[10] So too is his argument that Professor Epstein committed the underlying tort of defamation (Count 1) because he *conspired* to commit defamation after any defamatory statements were made (Count 5). *McGill v. Parker*, 179 A.D.2d 98, 105 (1st Dep't 1992) (there is no separate tort of "conspiracy to libel").

Dated: October 31, 2024                                         Respectfully submitted,

*/s/ Jeremy Chase*
Jeremy Chase
Nimra H. Azmi
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020-1104
Phone:      (212) 489-8230
Fax:           (212) 489-8340
jeremychase@dwt.com
nimraazmi@dwt.com

*Attorneys for Richard A. Epstein*