The Honorable Jessica G. L. Clarke
United States District Court Judge
Southern District of New York
500 Pearl Street
New York NY, 10007

Re:    Rapaport v. Iyer et al., 23-cv-06709

**<u>Letter-Reply to Defendant Epstein's Opposition to Letter-Motion Seeking Leave to Amend</u>**

Your Honor:

    I am respectfully writing in reply to defendant Epstein's opposition to my letter-motion. I sought leave to amend for the purposes of adding another defendant, providing greater factual detail as requested by defendants, adding factual allegations to causes of actions and providing sufficient information to dispense with certain affirmative defenses such as the statute of litigation at this stage.

    The amendment does not especially relate to defendant Epstein, other than providing additional factual detail sufficient to clearly demonstrate a plausible fraud claim against him, and strengthening or clarifying other allegations generally. Defendant Epstein wrongly insisted that pleading out-of-pocket damages specifically at this stage was necessary, and I indulged him by providing the specific amounts of out-of-pocket damages that are ascertainable at this stage. Clearly, these satisfy even the state pleading requirement, but make up a small portion of what may be expected in terms of those relating to delay and expense, interest, punitive damages and the possibility of any claim against defendants Iyer or Garrett failing as a result of defendant Epstein's fraudulent cover-up of his students tortious activities adding to the damages of this fraud.

    Defendant Epstein also took a variety of my statements wildly out of context, including an attempt to limit my fraud claim to arising out of a claim of a fiduciary duty, which is not the type of fraud I alleged at any point. It should be exceptionally clear as a result of my Second Amended Complaint, that I allege that defendant Epstein specifically denied that defendants Iyer and Garrett, or anyone from the NYU Federalist Society, sent the defamatory materials. In that same written communication of August 2, 2022, defendant Epstein admitted that he had sent the defamatory materials, and was responsible. Incredibly, even after this written admission, defendant Epstein still demands a dismissal of all liability.

    Defendant Epstein seeks to oppose a leave to amend, which is ordinarily freely granted when justice so requires, because it will cause him delay and expense. Defendant Epstein could have saved himself significant delay and expense by answering the complaint instead of speciously moving for a motion to dismiss. Instead, defendant Epstein demands special treatment, as the first private-person defendant who will be immunized from defamation liability by the Southern District of New York under Section 230 of the Communications Decency Act.

    Although defendant Epstein may transmit an immense quantity of information, including defamations, equivalent to a telecommunications provider or internet utility, the Second Amended Complaint clearly demonstrates alternate bases of liability through vicarious liability of principal and agent, as defendant Garrett identified that it was defendant Epstein who wanted the defamation distributed in Exhibit 3, and of conspiracy.

   I will also write to express my disappointment, that defendant Epstein continues to misrepresent the facts of this case, and falsely accuses me (in addition to his previous false accusations resulting in defamation), of being the kind of person who cultivate a relationship with him in order to secure a clerkship. Nothing could be further from the truth. Although I was pleased to be offered his full support in April of 2022, and accepted his interest in placing me in an appellate federal clerkship, and possibly a Supreme Court clerkship, I had already expressed to him my withdrawal from that race for fear of further sabotage and abuse that would prevent me from having even a typical legal career. It was he who persuaded me to pursue that course, before ultimately betraying me, and protecting his other students who initiated this particular set of defamations.

   Thank you for considering my reply in this matter,

   Respectfully submitted,

    /s/ Gideon Rapaport *pro se*
    GideonRapaportLaw@outlook.com
    (862) 213-0895
    #627 1078 Summit Avenue
    Jersey City, New Jersey, 07307