UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GIDEON RAPAPORT,<br><br>                          Plaintiff,<br><br>            -against-<br><br>RICHARD ALLEN EPSTEIN, et al.,<br><br>                          Defendants. | 24-CV-7439 (JGLC) |
| GIDEON RAPAPORT,<br><br>                          Plaintiff,<br><br>            -against-<br><br>AJAY SRINIVASAN IYER, et al.,<br><br>                          Defendants. | 23-CV-6709 (JGLC) |

## MEMORANDUM OPINION AND ORDER

JESSICA G. L. CLARKE, United States District Judge:

By order dated March 31, 2025, this Court granted and denied in part the Defendants' motions to dismiss in the 23-cv-6709 action (the "Doe Action") and dismissed certain of Plaintiff's claims with prejudice and others without prejudice. Doe Action, ECF No. 101 (the "MTD Order"). The MTD Order further instructed Plaintiff, who is proceeding *pro se*, to file a First Consolidated Amended Complaint (a "FCAC") by May 2, 2025 which would combine the amended claims in the Doe Action as well as the antitrust and RICO claims that Plaintiff asserts in the above-captioned 24-cv-7439 action (the "Lead Case"). On April 7, 2025, Plaintiff filed an appeal of the MTD Order (Doe Action, ECF No. 102) and most recently on April 22, 2025, requested that this now-consolidated action be stayed pending his appeal. Lead Case, ECF No. 62. For the reasons set forth below, the Court DENIES his request.

As an initial matter, notwithstanding Plaintiff's appeal, the Court finds that it retains jurisdiction over this action. Normally, "[t]he filing of a notice of appeal is an event of

jurisdictional significance" that "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a *per se* rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, and of particular relevance here, the rule "does not apply where an appeal is frivolous" or "otherwise defective." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (cleaned up).

The MTD Order dismissed Plaintiff's claims and expressly granted him leave to amend certain claims, and therefore it is not a final, appealable order. *See, e.g., Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir. 2006) (holding that "[a] dismissal with leave to amend is a non-final order and not appealable."). The order is similarly not appealable merely because it dismissed some claims with prejudice. *See Mason v. Amtrust Fin. Servs., Inc.*, 848 F. App'x 447, 450 (2d Cir. 2021) (summary order) (observing that it is well settled that an order that adjudicates fewer than all of the claims remaining in the action is not a final order unless the court directs the entry of a final judgment). Nor did Plaintiff request certification for an interlocutory appeal, and he is out of time to do so. *See* 28 U.S.C. § 1292(b). His notice of appeal is therefore "premature" and a "nullity." *See, e.g., Rodgers*, 101 F.3d at 252 (holding that a notice of appeal from a non-final order did not divest the district court of jurisdiction).

Because the Court retains jurisdiction over this action, IT IS HEREBY ORDERED that Plaintiff's request to stay the consolidated action pending his appeal is DENIED. Plaintiff's

FCAC remains due **by May 2, 2025**. Should Plaintiff file his FCAC, his appeal will be mooted, and the consolidated cases will continue. But should Plaintiff decide to not file a FCAC, this Court will, at that time, dismiss the Doe Action in its entirety and direct final judgment in Defendants' favor. At that point, Plaintiff's appeal could continue, because the Second Circuit "treat[s] a premature appeal from a judgment granting leave to amend as an appeal from a final judgment *if the deadline for amendment has passed*." *Whitfield v. Johnson*, 763 F. App'x 106, 107 (2d Cir. 2019) (emphasis added). The Court would then direct Defendants in the Lead Case to renew any motions to dismiss, and the parties would resume briefing those motions. Plaintiff has until **May 2, 2025** to make this decision.

The Clerk of Court is respectfully directed to terminate ECF No. 62 in the Lead Case (No. 24-cv-7439).

Dated: April 23, 2025
    New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge