USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 8/6/2026

25-841-cv
*Rapaport v. Iyer*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

MANDATE

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE WITH THE NOTATION "SUMMARY ORDER." A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-six.

PRESENT:
JON O. NEWMAN,
RICHARD C. WESLEY,
MYRNA PÉREZ,
*Circuit Judges.*

---

GIDEON RAPAPORT,
*Plaintiff-Appellant,*

v. No. 25-841

AJAY SRINIVASAN IYER, ZACHARY GEORGE GARRETT, RICHARD ALLEN EPSTEIN,
*Defendants-Appellees,*

JOHN DOE #1, A REDDIT.COM USER, JOHN DOE #2, A TOP-LAW-SCHOOLS.COM USER, JOHN DOE #3, A CURRENT OR FORMER NYU LAW STUDENT, INDIVIDUALLY, MITCHELL KEVALLA PALLAKI,
*Defendants.*

---

**FOR PLAINTIFF-APPELLANT:** GIDEON RAPAPORT, pro se, Jersey City, NJ.

**FOR DEFENDANTS-APPELLEES AJAY** BRIAN J. FIELD (Justin A. Miller, *on the*

MANDATE ISSUED ON 08/06/2026

| | |
|---|---|
| **SRINIVASAN IYER AND ZACHARY GEORGE GARRETT:** | *brief*), Schaerr Jaffe LLP, Washington, DC. |
| **FOR DEFENDANT-APPELLEE RICHARD ALLEN EPSTEIN:** | JEREMY CHASE, Davis Wright Tremaine LLP, New York, NY. |

Appeal from the March 31, 2025, order of the United States District Court for the Southern District of New York (Clarke, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Gideon Rapaport, proceeding pro se, appeals the order of the District Court dismissing his counseled amended complaint bringing various state law claims against Defendants-Appellees Iyer, Garrett, and Epstein (together, "Defendants"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Mazzei v. Money Store*, 62 F.4th 88, 92 (2d Cir. 2023) (quoting *Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1076 (2d Cir. 2021)). We review de novo a district court's "legal interpretation and application of a statute of limitations." *Sutton v. Tapscott*, 120 F. 4th 1115, 1119 (2d Cir. 2024) (quoting *Ray v. Ray*, 22 F.4th 69, 72 (2d Cir. 2011)). We may

affirm "on any ground that finds support in the record, even if it was not the ground upon which the trial court relied." *Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018) (quoting *Headley v. Tilghman*, 53 F.3d 472, 476 (2d Cir. 1995)).

**I. <u>Timeliness</u>**

The District Court dismissed certain claims and allegations of defamation in the operative First Amended Complaint ("FAC") as time-barred, which Rapaport now challenges. A federal court exercising diversity jurisdiction applies the statute of limitations that the forum state would apply. *See Stuart v. American Cyanamid Co.*, 158 F.3d 622, 626–27 (2d Cir. 1998). Here, New York's statute of limitations applies because Rapaport brought this action in a federal court sitting in New York, and the alleged events and injuries occurred in New York. *See id.* Under New York law, a defamation claim must be asserted within one year of the date of the first publication of the allegedly defamatory statement. *See Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 89 (2d Cir. 2003) (citing N.Y. C.P.L.R. 215(3)). The District Court explained that "[e]ven though Plaintiff arguably filed the *original* complaint within the limitations period, the Amended Complaint requires its own timeliness analysis because it adds new claims and parties." *Rapaport v. Iyer*, No. 23-CV-6709, 2025 WL 966275, at *6 (S.D.N.Y. Mar. 31, 2025). And whether the addition of those new claims and parties in the FAC may be deemed timely

depends on whether they "relate back" to the original complaint. *See id.*; *Hogan v. Fischer*, 738 F.3d 509, 517–20 (2d Cir. 2013).

The District Court determined that Rapaport's original complaint "focused only on the 'anonymous internet posts.'" *Rapaport*, 2025 WL 966275, at *8. It thus found that the FAC's new allegations regarding Defendants' communications with the Federalist Society were untimely and limited its consideration of the FAC to allegations and claims involving the internet postings themselves. *See id.* at *8–9. We discern no error in this analysis and agree that the new allegations are time-barred.[1]

## II. <u>Claims on the Merits</u>

Having dismissed the allegations beyond the internet posts as untimely, the District Court dismissed the remainder of Rapaport's claims as insufficiently pled. *Rapaport*, 2025 WL 966275, at *9–15. The District Court did not err in doing so. For substantially the reasons explained by the District Court, we affirm its dismissal of Rapaport's remaining state-law claims.

Most substantively, Rapaport's defamation claims are insufficiently pled. In reaching the same conclusion, the District Court properly considered screenshots of the

---

[1] Because only Iyer and Garrett raised the timeliness issue in their motion to dismiss, the District Court considered the timeliness of the allegations against Epstein sua sponte. The District Court did not err in doing so. *See Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011).

internet posts attached to the FAC as Exhibit 3. The screenshots are of internet posts in online discussion threads, and they show multiple anonymous participants in conversation with each other. The FAC does not identify which statements are alleged to have been posted by which of the Defendants. This is fatal to Rapaport's defamation claims because when it comes to defamation, "the complaint [must] afford defendant sufficient notice of the communications complained of to enable him to defend himself." *See Tannerite Sports, LLC v. NBCUniversal News Grp.*, 864 F.3d 236, 251 & n.10 (2d Cir. 2017) (alteration in original) (quoting *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986)). Indeed, "[v]agueness as to the complained-of conduct is particularly inappropriate when pleading a defamation claim." *See id* at 251.

The screenshots also contain no trace of the allegedly forged photographs being posted, thereby contradicting Rapaport's core allegations that those photographs of him were posted on the internet. "[W]here a conclusory allegation in the complaint is contradicted by a document attached to the complaint, the document controls and the allegation is not accepted as true." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 147 (2d Cir. 2011) (per curiam). Rapaport thus fails to sufficiently plead the element of defamation that requires publication to a third party without authorization or privilege. *See Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019).

Nor was Rapaport improperly denied the opportunity to amend his pleadings. The District Court dismissed the FAC's defamation claims *without* prejudice, specifically directing Rapaport "to file a single, amended complaint . . . that may (1) address any deficiencies with respect to his defamation claim based on the internet posts, his claim for civil conspiracy, and his tortious interference and fraud claims against Defendant Epstein as set forth herein." *Rapaport*, 2025 WL 966275, at *3, 15. Rapaport however did not amend within the allotted timeframe, and instead filed the instant appeal of the District Court's dismissal order and explicitly stated he was declining to amend those claims. It is well settled that in such circumstances where a plaintiff disclaims his intent to amend, he necessarily "irrevocably waive[s] the option offered by the district court further to amend his complaint, and must stand or fall on the . . . complaint presently before us." *See DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987). So too here, and Rapaport's FAC does not sufficiently state his claims.

We have considered all of Rapaport's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit